STUCKEY, County Treasurer, et al. v. CITY OF TULSA.

No. 15932—Opinion Filed June 23, 1925.

Rehearing Denied July 14, 1925.

(Syllabus.)

**1. Appeal and Error—Case-Made—Invalidity of Settlement—Time and Notice.**

A notice to defendant in error that the case-made would be settled and signed on November 6th, at 9 o'clock a. m., or as soon thereafter on said day as counsel can be heard, is not sufficient to confer authority on the trial judge to settle and sign the case-made on a day subsequent thereto, in the absence of the defendant in error.

**2. Same—Time for Objection—Jurisdiction.**

The question of jurisdiction is primary and fundamental in every case and may be raised at any time before final disposition of the cause.

**3. Same—Dismissal of Appeal.**

A case-made filed in this court with the certificate of the trial judge corrected to speak the truth which fails to show that defendant in error was present either in person or by counsel when the case-made was settled and signed, or that notice of the time and place of settlement was given and waived, is a nullity, and if no errors are assigned, reviewable upon transcript, the proceeding in error will be dismissed.

Appeal from District Court, Tulsa County; Albert C. Hunt, Judge.

Action between W. W. Stuckey, County Treasurer, and another and the City of Tulsa. From the judgment, the former appeal. Dismissed.

Bryon Kirkpatrick, County Attorney, and

James Harrington, Asst. County Attorney, for plaintiffs in error.

H. O. Bland, Harry L. S. Halley, and I. J. Underwood, for defendant in error.

PER CURIAM. Defendant in error has filed a motion to dismiss the appeal, alleging the case-made attached to the petition in error to be void for two reasons. The first ground relied upon has been determined adversely to movant's contention and will not be considered.

As the second ground for dismissal the city of Tulsa says that the case-made was settled and signed in the absence of its counsel on a day subsequent to that designated in the only notice given of the time and place of settlement. The notice contained in the record on appeal advised defendant in error that on the sixth day of November, 1924, at nine o'clock a. m., or as soon thereafter on said day as counsel could be heard, the case-made would be presented for settlement. The certificate of the trial judge to the case-made recites that it was settled and signed November 7, 1924. In Wood et al. v. King, 49 Okla. 98, 151 Pac. 685, this court said in the second paragraph of the syllabus:

"A notice to defendant in error that the case-made would be signed and settled on September 30th at 2 o'clock p. m., 'or as soon thereafter as counsel can be heard,' is not sufficient to confer authority on the trial judge to sign and settle the case on a day subsequent thereto, in the absence of the defendant in error."

But respondents contend that if the certificate of the trial judge had not been altered or changed it would recite that defendant in error was present by counsel at the time case-made was settled and signed. A heavy pencil mark is drawn through these words in the certificate, "and that plaintiff is present by its attorneys of record, I. J. Underwood and Harry Halley," in a manner indicating beyond question an intention to strike that statement from the certificate. Respondents do not say when, where, or by whom this change was made, and it will not be necessary to determine this question inasmuch as both of the attorneys for the city of Tulsa have their affidavits attached to the motion to dismiss stating that they did not appear for the city at the settlement of case-made, or waive notice of settlement, which affidavits are uncontradicted. Upon such evidence this court has authority under section 791, C. O. S. 1921, to make such correction of the certificate as was made in this case. In Dehner v. Curry, 64 Okla.

164, 166 Pac. 81, it is said in the first paragraph of the syllabus:

"By section 5248, R. L. 1910 (791, C. O. S. 1921), the certificate of the trial judge to a case-made is prima facie evidence of the facts therein recited, but where said certificate is proved incorrect by affidavit or other competent evidence introduced in the appellate court in connection with a motion to correct the record or case-made, such certificate may be amended to speak the truth by the Supreme Court."

Respondents insist that the motion to dismiss should not be considered because filed after plaintiff in error had filed brief and during additional time allowed defendant in error to file answer brief. A question of jurisdiction may be considered in this court at any time before final disposition of the cause. Watcher v. Stone, 15 Okla. 130, 79 Pac. 771; Howard v. Arkansaw, 59 Okla. 206, 158 Pac. 437.

It follows, therefore, that a case-made filed in this court with the certificate of the trial judge corrected to speak the truth, which fails to show that defendant in error was present, either in person or by counsel; when the case-made was settled and signed, or notice of the time and place of settlement was given or in any way waived, is a nullity, and gives this court no jurisdiction of the appeal as a case-made; and where, as in this case, no errors are assigned reviewable upon transcript, the proceeding in error will be dismissed. The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 359, § 2010. (2) 15 C. J. p. 847, § 166. (6) 4 C. J. p. 361, § 2015; p. 571, § 2380.