NATIONAL BANK OF TULSA BLDG. et al. v. GOLDSMITH et al.

No. 33439.   Jan. 16, 1951.

*226 P. 2d 916.*

Bryan W. Tabor, Tulsa, Clayton B. Pierce, and Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for petitioners.

Donald F. McMahon, Tulsa, and Mac Q. Williamson, Atty. Gen., and Richard M. Huff, Asst. Atty. Gen., for respondents.

Claud Briggs, Oklahoma City, amicus curiae.

WELCH, J.  On May 11, 1947, Winifred Goldsmith sustained an accidental personal injury arising out of and in the course of her employment as a janitress.  Her employer, National Bank of Tulsa Building, a corporation, had obtained a policy of insurance from Insurors Indemnity & Insurance Company covering liability of the employer under the provisions of the Workmen's Compensation Law.  The policy was issued on December 1, 1946, for a term of one year and was in effect in May, 1947. Claimant's employment was considered or used in determining the amount of premiums paid and received upon the insurance policy.

The cause and extent of the disability involved is not an issue in this proceeding.  The questions presented concern the applicability and validity of an Act of the Legislature of 1947.

The Act in question, House Bill No. 234, S. L. 1947, p. 626; 85 O. S. Supp. 1947 §§65.1-65.4, bears approval date of April 17, 1947, and reads as follows:

Sec. 1. "From and after the passage and approval of this Act, every person employed by any person, firm or corporation who procures an insurance policy for the purpose of complying with the Workmen's Compensation Law shall, if such person's employment is considered or used in determining the amount of premium received or collected, be conclusively deemed to be employed in a hazardous employment within the Workmen's Compensation Law and shall be paid compensation for any accidental personal injury arising out of and in the course of such personal employment during the period covered by such premium as specified in the Workmen's Compensation Law.

Sec. 2. "Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury.

Sec. 3. "Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law regardless of the type of business in

which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Indutrial Commission as now provided by law.

Sec. 4. "The Legislature hereby declares that it intended to enact each and every word, phrase, clause, sentence and section of this Act and that if any word, clause, phrase, sentence or section of this Act be declared unconstitutional by any court of competent jurisdiction, such decision and declaration shall not affect the remaining portion of this Act, and the same shall remain in full force and effect."

In challenge of the award made to the claimant, petitioners contend that application of the 1947 Act has an effect of creating an obligation which did not exist at the time their insurance contract was executed on December 1, 1946, and that application of the 1947 Act violates constitutional guarantees against impairment of contract.

The contention is refuted by express terms of the policy wherein it is provided that the obligations assumed are such as arise under the Workmen's Compensation Law as then existed "and all laws supplementary thereto or amendatory thereof which may or become effective while this policy is in force."

Petitioners contend that the 1947 Act is unconstitutional and void in that it impairs their right and liberty to enter into lawful contracts of insurance and indemnity; that it is discriminatory and capricious in that it attempts to impose obligations on the basis of a classification which is unreasonable and arbitrary; that it violates rights guaranteed by the "equal protection and due process" clauses of the State and Federal Constitutions.

The first contention is predicated on an interpretation of the meaning and force of another statute as affected by the present Act. The statute referred to, 85 O.S. 1941 §64(d), reads as follows:

"Every contract or agreement of an employer the purpose of which is to indemnify him from loss or damage on account of the injury of an employee by accidental means, or on account of negligence of such employer or his officer, agent or servant, shall be absolutely void unless it shall also cover liability for the payment of compensation provided for by this Act."

We find no relation between this statute and the present Act as affecting liberty of contract between an employer and insurance company. Furthermore, we point out that this quoted section is not now before us for any consideration of its construction or effectiveness.

The condition under which the 1947 Act becomes operative is the existence of a contract of insurance between an employer and insurance carrier. They are free to enter or not enter into such contract and have no cause to complain of obligations they voluntarily assume. Likewise, the classification of employments as hazardous employments subject to the Workmen's Compensation Law on the basis of the existence of such insurance contract gives petitioners no cause to complain, since they voluntarily create the conditions which make such classification effective.

While an employer and insurance carrier such as petitioners may be unable to show that their rights as such are infringed by the 1947 Act, nevertheless, if the Act for any reason is invalid, it may not be enforced against them. Acceptance of the Act is acceptance of the burden and privilege imposed and accorded in the Workmen's Compensation Law which governs employers and employees.

The fundamental purpose of the Workmen's Compensation Law is to abolish private rights of action for damages to employees in the hazardous employments and to substitute a system of compulsory compensation to work-

men injured therein to be paid by the employer whether the conduct of the employer as affecting the proximate cause be culpable or innocent.

The legislation measurably limits the freedom of employer and employee to agree respecting the terms of their employment, but it inures to the general welfare of the people and has been sustained as a reasonable exercise of the police power of the state. See Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938. Therein the court said:

"The class of industries embraced by the act are of such a nature as to authorize regulation of their conduct and management by the state, and the obligations of both employer and employee to accept the conditions imposed by the statute grow out of the interest which the public has in the proper adjustment of the relations existing between them and of the right to regulate the industry in which they are both engaged; and, while it may be urged that the relation existing between them is one of contract, the state may impose, as one of the conditions thereof, that the employee shall accept a fixed sum for injuries received in the course of his employment as defined by the act for the same reason it may impose liability upon the employer in cases where he is free from negligence. . . ."

In effect, the provisions of section 1 of the 1947 Act permits the addition of a new group to the list of employments covered by the Workmen's Compensation Law at the option of an employer and his insurance carrier. When they have acted and put in force a policy of insurance as described in the Act the rights of persons engaged in the employment covered, including employees, are affected in that they become bound by the provisions of the Workmen's Compensation Law.

In considering the constitutional questions it is necessary to view the matter from the standpoint of the employee as well as from that of the employer. For while petitioners are employer and insurance carrier and cannot succeed without showing that their rights as

such are infringed, yet, it is apparent that an employer's exemption from liability to private action when injury occurs from his negligence is an essential part of the Workmen's Compensation Law, so that if the act is invalid as against an employee it is invalid as against an employer.

In Mountain Timber Co. v. State of Washington, 243 U. S. 219, 37 S. Ct. 260, 61 L. Ed. 685, wherein the Workmen's Compensation Act of the State of Washington was under attack, it was said by the court:

"While plaintiff in error is an employer, and cannot succeed without showing that its constitutional rights as employer are infringed (Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531, 544, 58 L. Ed. 713, 719, 34 S. Ct. 359; Jeffrey Mfg. Co. v. Blagg, 235 U. S. 571, 576, 59 L. Ed. 364, 368, 35 S. Ct. 167, 7 N. C. C. A. 570), yet it is evident that the employer's exemption from liability to private action is an essential part of the legislative scheme and the quid pro quo for the burdens imposed upon him, so that if the act is not valid as against employees, it is not valid as against employers."

The provision of section 1 of the 1947 Act allows no choice to an employee as to whether he will accept its terms. Without his consent but at the choice of his employer, an employee may be deprived of a right of action for damages that had existed.

The Federal and State Constitutions require that governmental regulation shall be accomplished by methods consistent with due process. The State Constitution vests in the Legislature and the people the exclusive power to make laws and clearly the Legislature has no power to delegate legislative authority of any individual.

The 1947 Act in its first provision is an attempt to delegate legislative power in that it would confer upon an employer authority to determine that the Workmen's Compensation Law, or which of two particular schemes of law, shall govern his rights and liabilities,

and the rights of his employee as between them.

The Workmen's Compensation Law in its compulsory features is a police regulation. The police power is an attribute of sovereignty or in effect is sovereignty, and the state and its police power cannot be separated. It is fundamental that the Legislature of a state may not part with any of its right to exercise the police power.

"As firmly established as the general rule is the corollary that the discretion of the Legislature cannot be parted with any more than the power itself. Thus, the legislative authority cannot redelegate to any one the ultimate right to determine when, to what extent, and under what circumstances the police power may properly be exercised in any given case." 11 Am. Jr., Constitutional Law, §254.

Clearly, the power of classification of employments made subject to the Workmen's Compensation Law, which a Legislature may exercise in its judgment of what is necessary for the public welfare, is not such power as may be delegated to an individual.

Under the terms of section 1 the 1947 Act, in effect the Legislature would redelegate to employers the ultimate right to determine when an employment shall be subject to the provisions of the compulsory compensation statutes. Such an attempt to vest an employer with regulatory power as would result in the abrogation of existing remedies and otherwise fix the rights of an employee, is invalid as against an employee, and violative of constitutional provisions which guarantee due process and equal protection of the law.

It is apparent that in enactment of the 1947 Act the legislative intendment was to regulate contracts of Workmen's Compensation insurance and to render certain the obligation incurred in the collection of premiums thereunder by bringing employments considered therein and not otherwise subject to the compulsory compensation act under the Workmen's Compensation Law. Such intendment as accomplished by the provisions of section 1, wherein employer and insurance carrier are granted the exclusive privilege of determining that a particular employment shall be subject to the Workmen's Compensation Law results in an unlawful delegation of legislative power.

The further provisions of the Act appear to be in accord with the intendment we have mentioned and we will examine these provisions and determine if complete in themselves and if those provisions, as separate enactments, are within the constitutional limits upon the Legislature. It is noted that in section 4 the Legislature has expressly declared its intention to enact each word and section and in effect requests separate consideration of all parts of the Act, if any part be found in transgression of constitutional guaranties to a citizen.

Petitioners refer to the Act as an amendatory Act and suggest that in any effect that the legislation would bring employments under the Workmen's Compensation Law not included in the list of hazardous employments set out in 85 O. S. 1941 §2, it becomes amendatory of that section. It is urged that the Act is invalid as an attempt to amend said section 2, there being no reference to such section in the title and body of the Act. It is suggested that the Act is invalid by reason of a provision therein that would estop the presentation of certain evidence; that the "Legislature has no constitutional authority to declare that which is false must be accepted as true under some rule of conclusive presumption."

In section 2 there is a reference to "hazardous employment subject to and covered by the Workmen's Compensation Law," but there is no language in the section reflecting any intent or purpose to change or amend existing law defining hazardous employment as such and subject to the act providing for the compulsory compensation of employees injured therein. The 1947 Act as constituted by sections 2 and 3 does not

in title or in its body appear to be amendatory of another act, but appears to be an intelligible and complete act in itself, albeit it relates to the Workmen's Compensation Law and is supplementary thereto.

The act in its title reference to these sections reads:

"An Act relating to Workmen's Compensation; . . . providing that compensation, shall be payable under the Workmen's Compensation Law to all persons who receive accidental personal injuries arising out of and in the course of their employment during any premium paying period in which premiums have been collected, or received by any insurance company upon the basis of such person's employment, under or upon any insurance policy, required or procured by the employer of such persons for the purpose of complying with the Workmen's Compensation Law; providing that all insurance carriers and employers whom they have insured shall be estopped to deny that persons upon whom premiums are paid, or collected, pursuant to a workmen's compensation insurance policy, and not covered by and subject to the protection of such policy, and the Workmen's Compensation Law during the time for which such premiums were paid, or received; providing that every contract of insurance issued for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall as to persons upon whom premiums are received or collected under such policy be construed to be a contract for the benefit of each and every person upon whom premiums are received or collected; and declaring an emergency."

In section 2 it is provided that under certain conditions of insurance and injury an employer and insurance carrier shall be estopped to deny that an employee was employed by the employer in hazardous employment.

The Legislature, in declaring such an "estoppel" in that section, has not declared that a particular fact shall be conclusively presumed, or that in the circumstances set out that an employ-

ment shall be conclusively presumed to be a hazardous employment, but in negative terms has declared a rule of law to the effect that in the case specified the existence or nonexistence of such fact is immaterial and this in accord with the positive terms of section 3 of the act.

In section 3 it is provided that under certain conditions of insurance and injury arising out of employment, an insurance contract shall be conclusively presumed to be a contract for the benefit of an injured employee regardless of the type of business in which the employer of such person is engaged, or the type of work being performed by the employee at the time of the injury and that the contract may be enforced by such employee as beneficiary thereof, before the State Industrial Commission as now provided by law.

The effect is that when a contract of insurance, as mentioned, has been issued for the purpose of insuring an employer against liability under the Workmen's Compensation Law, and when a person's employment is considered or used in determination of the amount of premiums collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law, such person on sustaining injury in the employment may proceed under the Workmen's Compensation Law for compensation.

In enactment of sections 2 and 3, the Legislature has established a rule of law to the effect that in the case specified an employment is made subject to the Workmen's Compensation Law, but has left to the injured employee the choice of whether to accept or reject the provisions of the Act. In election to become subject to it an injured employee, who has thus voluntarily assumed the liabilities imposed by the law in order to secure the benefits conferred by it, has been deprived of no constitutional right, and likewise the employer who has acted to permit

such choice to an injured employee and has thus voluntarily assumed the liabilities imposed by the law in order to secure the benefits conferred by it, has been deprived of no constitutional right.

Unlike section 1 the provisions of sections 2 and 3 do not permit the Workmen's Compensation Law to be impressed on the terms of an employment at the determination of the employer alone, but these provisions allow and make an employment subject to the Workmen's Compensation Law at the election of all the parties to be affected. In this effect there is no transgression of constitutional rights and such enactment is within the limits of the constitutional authority of the Legislature.

The right of a Legislature to enact an elective statute in application of Workmen's Compensation Laws is not disputed and, indeed, appears well settled. See Thornton v. Duffy, 254 U. S. 361, 65 L. Ed. 304, 41 S. Ct. 137; Borgnis v. Falk Co., 147 Wis. 327, 133 N. W. 209; Utah Idaho Sugar Co. v. Temmey, 68 S. D. 723, 5 N. W. 2d 486; Edmond v. Industrial Comm. 350 Ill. 197, 183 N. E. 12.

As affecting the insurance carrier in the case specified in sections 2 and 3, and as appears in the instant case, it is beyond question within the power of the state in legislative enactment to provide for the enforcement of the contract and obligation voluntarily entered into and assumed by such insurance carrier.

The award is sustained.

CORN, DAVISON, HALLEY, and JOHNSON, JJ., concur. ARNOLD, C.J., LUTTRELL, V.C.J., and GIBSON and O'NEAL, JJ., dissent.