VEAZEY DRUG CO. et al. v. COLLINS et al.

No. 34350.   March 13, 1951.

*228 P. 2d 1015.*

H. R. Palmer and Fenton, Fenton & Thompson, Oklahoma City, for petitioners.

Fred M. Hammer, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.  Jack E. Collins sustained an accidental personal injury arising out of and in the course of his employment with Veazey Drug Company and filed claim for compensation. At the time of such accident and injury the Veazey Drug Company had in force an employer's liability insurance policy issued by the United States Fidelity & Guaranty Company. The policy con-

tained provision and endorsement as follows:

"It is hereby understood and agreed that in the event any accident reported in connection with the under-mentioned policy is held by the Oklahoma State Industrial Commission to be compensable, that it is the intention of the policy to cover said accident, and settlement will be made in compliance with the Oklahoma Compensation Laws."

The State Industrial Commission held that it had jurisdiction and that the employer was liable under the terms of the insurance policy and the provisions of House Bill No. 234, Act of the Legislature of 1947, 85 O. S. Supp. 1949 §§65.1, 65.2, and 65.3.

The employment was not shown to be a hazardous employment within the meaning of 85 O. S. 1941 §2.

The cause and extent of the disability involved is not an issue in this proceeding.

The Drug Company and its insurance carrier, petitioners for review, in contention that the award under review should be vacated, assert that the 1947 Act applies only to insurance policies issued under and in compliance with the Workmen's Compensation Act, 85 O. S. 1941. Petitioners assert the 1947 Act, construed to bring the operation of petitioner's retail drug business within the Compensation Act, 85 O. S. 1941, is invalid as an amendment to 85 O. S. 1941 §2, which enumerates hazardous employment; that the provisions of the 1947 Act which deny right to hearing on the issue of whether facts exist which would make employment subject to the Compensation Act, 85 O. S. 1941, denies due process and equal protection of law; that the 1947 Act, as construed by the commission, imposes double liability on petitioners for both compensation and damages, and deprives petitioners of their property without due process of law, and denies equal protection of the law.

Similar questions as presented herein were presented in the case of National Bank of Tulsa Building et al. v. Goldsmith et al., 204 Okla. 45, 226 P. 2d 916, and since the briefs in the instant case were filed.

In the Goldsmith case, in the second paragraph of the syllabus, we said:

"The provisions of House Bill No. 234, Act of the Legislature of 1947, are severable. The Act as constituted by sections 2 and 3, in effect, provides that a person's employment not otherwise subject to the Workmen's Compensation Law is made subject to the Workmen's Compensation Law when such person's employment is scheduled, considered and used in determining the amount of premium paid and received for workmen's compensation insurance and at the option of such person when he has received an injury arising out of the employment. These provisions of the Act reflect that it takes effect only upon acceptance by such employee and after there has been an acceptance by his employer and the employer's insurance carrier by having entered a contract of insurance and having paid and received premiums thereon on a basis of the particular employment. In this effect, as between the employee and employer and employer's insurance carrier, there is no denial of the equal protection of the laws within the meaning of the State and Federal Constitutions."

We adhere to the construction of the statutes as announced in the Goldsmith case and adopt the syllabus paragraph, supra, as here applicable.

It is obvious that the provision and endorsement of the insurance policy, as set out above, was a part of the premium consideration paid by the Drug Company in keeping the insurance policy and contract in force, and that such provision served to insure the employer as to liability arising under the Workmen's Compensation Law, and that the provision in connection with policy constituted workmen's compensation insurance within the meaning of

85 O. S. Supp. 1949 §§65.2 and 65.3, §§2 and 3 of the 1947 Act.

Under the statutes mentioned the nature of the employment and whether the employment was one as enumerated in 85 O. S. 1941 §2 is immaterial. The cause and extent of the disability involved and the award as concerns any question of amount is not here brought in question.

The award is sustained.

CORN, DAVISON, HALLEY, and JOHNSON, JJ., concur. ARNOLD, C. J., LUTTRELL, V.C.J., and GIBSON and O'NEAL, JJ., dissent.