CROSSTOWN GRILL et al. v. STATE INDUSTRIAL COMMISSION.

No. 34811. April 3, 1951.

*229 P. 2d 573.*

Disney, Houston, Klein & Melone and Henry Kolbus, Tulsa, for petitioners.

John L. Ward, Jr., Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. In this case it appears Wesley Breedlove, respondent herein, was engaged and employed as a cook in a restaurant owned and operated by Dale McCollum and Joe McGinniss, a partnership doing business as Crosstown Grill, and referred to as petitioners herein. On the 18th day of March, 1950, while in the employ of petitioners

and engaged in the course of his employment, respondent slipped and fell on an exposed pipe causing injury to his head and back and as a result thereof is temporarily totally disabled. On the 21st day of April, 1950, he filed a claim for compensation under the Workmen's Compensation Act before the State Industrial Commission.

Petitioners resist compensation upon the ground that respondent, at the time he sustained his injury, was not engaged in an employment defined as hazardous by the Workmen's Compensation Act, 85 O. S. 1941 §2.

Respondent relies for recovery upon the Legislative Act of 1947, S. L. 1947, page 626, and especially on section 2 thereof, the same being 85 O. S. 1947 Supp. §65.2, which, in substance, provides that an employer and insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premium, and who receives and collects any premium upon such insurance policy covering such employee on the basis of his employment, shall be estopped to deny that such employee was employed in a hazardous employment subject to and covered by Workmen's Compensation Act.

It is stipulated that petitioners had a policy of insurance with St. Paul Mercury Indemnity Company, a corporation, which was in force at the time of the accident and upon which respondent's salary was used in computing the premium collected. The commission, in substance, found: On March 18, 1950, respondent was in the employ of petitioners subject to and covered by the provisions of the Workmen's Compensation Law, as amended by House Bill No. 234, duly enacted by the Legislature of the State of Oklahoma in April of 1947, and on said date sustained an accidental personal injury arising out of and in the course of his employment causing an injury to his body as a whole; that petitioner, employer of respondent, carried a policy of insurance with St. Paul Mercury Indemnity Company as has been stipulated by their attorneys; that as a result of such injury, respondent is now temporarily totally disabled and has been since the date of said injury less the 5-day waiting period to July 31, 1950, and awarded respondent compensation accordingly.

Petitioners bring the case to this court to review such award.

It is their contention that the 1947 Act relied upon is unconstitutional in its entirety. They contend that the Act denies to them the equal protection of the law in violation of the equal protection clause of both the State and Federal Constitutions. They rely solely on this contention to vacate the order.

We have heretofore decided such contention adversely to them. National Bank of Tulsa Bldg. et al. v. Goldsmith, 204 Okla. 45, 226 P. 2d 916. In that case, after holding section 1 of the Act in question unconstitutional and that the provisions of the Act are severable, we further held that sections 2 and 3 thereof are not unconstitutional and that the employer and his insurance carrier are not thereby denied the equal protection of law within the meaning of the State and Federal Constitutions.

What is there said is decisive of the question here presented.

Award sustained.

WELCH, CORN, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., concurs by reason of stare decisis. ARNOLD, C. J., LUTTRELL, V. C. J., and GIBSON, J., dissent.

O'NEAL, J. (specially concurring). The opinion in this case is based on the decision of this court in National Bank of Tulsa Building v. Goldsmith, 204 Okla. 45, 226 P. 2d 916. I dissented in that case, the reason for my dissent being I think House Bill No. 234

334

of the Legislature of 1947 is unconstitutional in its entirety. The majority of the court held the provisions of the act are severable and Sections 2 and 3 are constitutional. Although I am still of the opinion the act is unconstitutional in its entirety, the holding of the majority of the court in the Goldsmith case is now the law; therefore, I concur in the opinion in this case.