GARR et al. v. CAMERON et al.

No. 35340.   Nov. 18, 1952.

Rehearing Denied Dec. 16, 1952.

*251 P. 2d 181.*

Cheek, Cheek & Cheek and Ray Teague, Oklahoma City, for petitioners.

Wallace Hatcher, Pauls Valley, James R. Eagleton, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, J.   In this case it appears that Ballard R. Cameron, respondent herein, was employed by petitioner J. Waldo Garr, as a mechanic and a farm and ranch laborer to work upon the farm and ranch owned by him.

On the 22nd day of April, 1951, while in the employ of petitioner Garr, respondent sustained an accidental injury caused by a young mare which he was then riding rearing up, falling over and falling on his leg, breaking and mashing the leg below the knee.   On August 15, 1951, respondent filed a claim before the State Industrial Commission for compensation under the Workmen's Compensation Law.

Petitioners resisted compensation upon the ground that respondent at

the time he sustained his injury was not engaged in an employment, defined as hazardous by the Workmen's Compensation Act, 85 O.S. 1951 §2.

Respondent concedes that an employee engaged in doing farm and ranch work is not engaged in an employment defined as hazardous by the Workmen's Compensation Act. He, however, relies for recovery upon the legislative Act of 1947, S. L. 1947, p. 626, and especially on §2 thereof, 85 O. S. 1951 §65.2, which, in substance, provides that an employer and insurance carrier who schedule any employee as a person employed by the employer for the purpose of paying, or collecting insurance premiums, and to receive and collect any premium upon such insurance policy covering such employee on the basis of his employment, shall be estoppped to deny that such employee was employed in a hazardous employment subject to and covered by the Workmen's Compensation Act.

It is stipulated that petitioner Garr had a policy of insurance with Employers Casualty Company which was in force at the time of the accident, and upon which respondent's salary was used in computing, collecting and paying the premium.

The trial commissioner, in substance, found that on the 22nd day of April, 1951, respondent was in the employ of petitioner Garr and on said date sustained an accidental injury arising out of and in the course of his employment consisting of an injury to his left leg below the knee. The commissioner further found:

"That the respondent carried a policy of insurance with Employers Casualty Company wherein the claimant was scheduled as a person employed by respondent for the purpose of paying or collecting insurance premiums on a Workmen's Compensation Insurance Policy, and that the insurance carrier collected premiums on said policy covering the liability of the employer under the Workmen's Compensation Law

of Oklahoma by reason of the employment of the claimant, and that the respondent and insurance carrier are estopped to deny that the claimant was employed by the respondent in a hazardous employment, subject to and covered by the provisions of the Workmen's Compensation Law.

"That the claimant has incurred medical bills at the McBride Clinic in the total sum of $1,066.45, and that same are reasonable and necessary expenses, and are to be paid by the respondent or insurance carrier."

Compensation was awarded respondent for temporary total disability at the rate of $25 per week from the date of the injury less the 5-day waiting period in the total sum of $529.17 and directed that payment be conditioned not to exceed 300 weeks, or until further order of the commission. The award was sustained on appeal to the commission en banc.

Petitioners bring the case here to review this award and contend that the Act of 1947 relied upon by respondent is unconstitutional. We have heretofore decided this question adversely to the contention now made. National Bank of Tulsa Building v. Goldsmith, 204 Okla. 45, 226 P. 2d 916, and Veazey Drug Co. v. Collins, 204 Okla. 238, 228 P. 2d 1015.

Petitioners contend that the rule announced in the above cases should be re-examined and a different conclusion reached. They argue this contention at length and discuss numerous grounds which they contend and assert render the act unconstitutional.

All the questions, however, raised by them and arguments made have been fully presented and considered in the above cases. We adhere to the rule there announced.

Petitioners further contend that the injury sustained by respondent did not arise out of and in the course of his employment.

The evidence on behalf of respondent as testified to by him and other wit-

nesses tends to establish the following facts: Respondent prior to and at the time he sustained his injury was employed by petitioner Garr as a mechanic and to do general farm and ranch work. There were five other men employed to work on the ranch. Blair Williamson was petitioner's foreman. One of the duties of the employees was to work on the ranch, take care of the cattle, ride the range for the purpose of inspecting the cattle and the fences and to keep a lookout for trespassers and hunters on the ranch, and if any were discovered to obtain each person's name and address and furnish the same to petitioner Garr. The employees were required to work Sundays. One of the number was required and directed to ride the range each Sunday for the purposes above stated. The employees arranged among themselves as to which one of them was to ride the range on any given Sunday and it was so arranged that no one employee would be required to work two successive Sundays. The Sunday on which the accident occurred was respondent's Sunday to ride the range. There was a young mare kept on the ranch. She was owned by the son of the foreman, but was kept on the ranch to be used in handling the cattle. She was not broken and was not bridle wise. The foreman desired to have her trained so she could be used for the purpose of moving and cutting cattle. Different employees were at different times directed to ride the mare. On Friday prior to the Sunday on which respondent sustained his injury the employees were directed to saddle their horses and move the cattle from the southeast pasture to the southwest pasture. Respondent was directed by the foreman to ride the mare. He rode the mare for a short time and informed the foreman that he could not ride the mare for the purpose of moving the cattle. He then was directed to get another horse. During the time they were engaged in moving the cattle he stated to the foreman that he would ride the mare again the next Sunday as it was his Sunday on which to work. The foreman agreed and consented that he should ride the mare on that day. Sometime during the forenoon of that day he saddled the mare and started riding the southeast pasture. The foreman's son rode with him on another horse. Respondent had intended to ride the southeast pasture to perform the duties above stated, and then to return to the southwest pasture to inspect the cattle. While engaged in riding the southeast pasture the mare became frightened, reared up, fell over and fell upon respondent breaking and mashing his leg below the knee. The injury sustained by him consisted of a compound fracture of the upper left tibia and injured left knee.

The foreman in his testimony admitted that the Sunday morning on which the accident occurred he directed respondent to ride to the southwest pasture for the purpose of determining whether all the cattle had been moved to that pasture, but he denies that he ever directed respondent to ride to the southeast pasture on that day; that he was not in the performance of any duty he was required to perform at the time he sustained his injury.

The great weight of the evidence, however, is to the contrary and clearly establishes that the employees were required to ride the range every Sunday and that the respondent was required to do so the Sunday he sustained his injury.

The commissioner found that the injury sustained by respondent arose out of and in the course of his employment. There is ample evidence to sustain such finding. It will not therefore be disturbed on review. Owens v. MaCallum & Forber et al., 186 Okla. 305 97 P. 2d 754.

Award sustained.

HALLEY, V.C.J., and CORN, DAVISON, and BINGAMAN, JJ., concur. GIBSON and O'NEAL, JJ., dissent.