**SEARS, ROEBUCK AND COMPANY,**
Petitioner,

v.

**Opal J. BAKER, and State Industrial Commission of the State of Oklahoma,**
Respondents.

**No. 36514.**

Supreme Court of Oklahoma.

**July 5, 1955.**

Milsten, Milsten & Morehead, Tulsa, for petitioner.

Covington & Donovan, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Vice Chief Justice.

Opal J. Baker, hereinafter called claimant filed her first notice of injury and claim for compensation stating that she sustained an accidental injury arising out of and in the course of her employment with Sears, Roebuck and Company, hereinafter called petitioner on September 6, 1952, when she fell while carrying a typewriter and injured her spine. An award was entered for temporary disability and 25 per cent permanent partial disability to the body as a whole. This award was affirmed by the Commission en banc. Petitioner brings this proceeding

to review said award which in part is as follows:

"That claimant filed her claim for compensation on July 24, 1953, based on an alleged injury of September 6, 1952, consisting of an injury to her back.

"That thereafter and on August 1, 1953, respondent filed with the Commission its Form 2 (Employer's First Notice of Injury) wherein they admit that claimant was injured in the course of her employment and that they furnished her with medical attention at the hands of their Dr. Covington and later by another physician of their own selection, Dr. Richardson; that such actions and admissions preclude the allegation of lack of notice and prejudice.

"That thereafter and on October 28, 1953, respondent filed a motion to dismiss for lack of jurisdiction on the part of the Industrial Commission, which motion was overruled by the Trial Commissioner and a hearing was had on December 1, 1953.

"That as a result of said hearing and subsequent evidence received and consideration of briefs in said cause the Trial Commissioner makes the following findings:

"That claimant sustained an accidental personal injury, arising out of and in the course of her employment, the hazardousness of which respondent is estopped to deny, consisting of injury to her back.

"That respondent has been allowed upon proper showing to the Commission to carry their own risk, or to carry their own insurance; and in lieu of paying premiums to a corporate insurance carrier have elected to carry their own insurance; and instead of paying premiums to a corporate carrier, to retain such monies as would be paid for premiums, and by such actions are accepting premiums based upon a number of employees, of which claimant is one; and that she was one of the number set out in respondent's application to carry their own risk; and that her salary was contained in the figures given the Industrial Commission upon which the Industrial Commission relied when issuing permit to respondent to carry its own risk; wherefore, respondent is estopped from denying the hazardousness of claimant's occupation."

The record discloses and it is admitted that claimant is a retail clerk employed in the mail order department of petitioner and that she injured her back while lifting material from a shelf during her employment. It is first argued that the State Industrial Commission was without jurisdiction to enter an award against petitioner for the reason claimant was not engaged in hazardous employment. 85 O.S.1951 § 61 provides in part as follows:

"An employer shall secure compensation to his employees in one of the following ways:

\*  \*  \*  \*  \*  \*

"(d) By furnishing satisfactory proof to the Commission of his financial ability to pay such compensation for himself, in which case the Commission may, in its discretion, require the deposit with the Commission of securities or indemnity bond in an amount and of a kind to be determined by the Commission to secure his liability to pay the compensation provided for in this Act."

85 O.S.1951 § 65.2 provides:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such per-

son receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."

It is admitted that petitioner qualified to assume and carry its own risk under 61(d), supra.

In National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916, 918, it is stated:

"The provisions of House Bill No. 234, Act of the Legislature of 1947 are severable. The Act as constituted by Sections 2 and 3 in effect provides that a person's employment not otherwise subject to the Workmen's Compensation Law is made subject to the Workmen's Compensation Law when such person's employment is scheduled, considered and used in determining the amount of premium paid and received for workmen's compensation insurance and at the option of such person when he has received an injury arising out of the employment. These provisions of the Act reflect that it takes effect only upon acceptance by such employee and after there has been an acceptance by his employer and the employer's insurance carrier by having entered a contract of insurance and having paid and received premiums thereon on a basis of the particular employment. In this effect as between the employee and employer and employer's insurance carrier there is no denial of the equal protection of the laws within the meaning of the state and federal constitutions."

This case was followed in Crosstown Grill v. State Industrial Commission, 204 Okl. 332, 229 P.2d 573; Veazey Drug Co. v. Collins, 204 Okl. 238, 228 P.2d 1015; Garr v. Cameron, 207 Okl. 563, 251 P.2d 181; Garr v. Collins, 208 Okl. 113, 253 P.2d 838; Brown & Sons, Inc., v. Savage, 208 Okl. 668, 258 P.2d 183. In each of these cases

it was stated that it was the purchase of a contract of insurance and the payment of a premium on the particular employee that rendered the employer and insurance carrier liable. Claimant cites rule 24 of the State Industrial Commission which is as follows:

"Any employer desiring to be exempted from carrying Workmen's Compensation insurance in some corporation or association shall file with the State Industrial Commission upon the form prescribed by the Commission his application, together with all information required by said Commission as to the financial structure of his business and his ability to make payment of any award made by the State Industrial Commission. All individuals or companies having own risk permits are held subject to the provisions of Title 85, Section 65.2 O.S.1951, as amended, with the same force and effect as insurance companies under the same circumstances. Failure to comply with the statutes of the State of Oklahoma and rules of the State Industrial Commission are held to be grounds for revoking any own risk permit."

We are of the opinion and hold that the State Industrial Commission is without power or jurisdiction to define as hazardous an employment not included within the definition of 85 O.S.1951 §§ 1 and 2. The Legislature alone has the power to declare what constitutes hazardous employment. M. V. Stilwell Trucking Contractor v. Patterson, 184 Okl. 642, 89 P.2d 766, 768. Therein it is stated:

"Whether or not the employment was hazardous is a jurisdictional question which must be inquired into by the Industrial Commission, and upon review of an award this court will not accept as conclusive the findings concerning a jurisdictional question, but will make its own independent findings of fact with relation thereto. McKeever Drilling Co. v. Egbert, 170 Okl. 259, 40 P.2d 32; Roy Deaton Co. v. State Industrial Comm., 178 Okl. 536, 63 P.2d 742."

It is admitted that the employment was not hazardous unless by reason of rule 24 and the provisions of 85 O.S.1951 § 65.2 an own risk employer is made liable. The statute does not render the petitioner liable. Rule 24 cannot impose such liability.

The award is vacated and the cause remanded with directions to the State Industrial Commission to dismiss the claim.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.