**LAKEVIEW AMUSEMENT CORPORATION and The Standard Insurance Company, Petitioners,**

**v.**

**Ruth I. FABORS and the State Industrial Court, Respondents.**

**No. 39971.**

Supreme Court of Oklahoma.

Oct. 30, 1962.

Rehearing Denied Jan. 8, 1963.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for petitioners.

Howard, Carr & Harris, Eugene Carr, Donovan & Rogers, Gerald K. Donovan, Tulsa, for respondents.

JACKSON, Justice.

This is an original proceeding to review an award of the State Industrial Court in favor of claimant Ruth I. Fabors, and against respondent Lakeview Amusement Corporation and its insurance carrier, Standard Insurance Company.

Claimant worked as a cashier in the "hoopla booth" at the Lakeview Amusement Park in Tulsa and allegedly sustained a back injury arising out of her employment. She thereafter filed her claim for compensation and an award was entered in her favor.

The order of the trial judge, sustained on appeal to the Court en banc, recited that claimant had received a personal injury

"* * * arising out of and in the course of her *non-hazardous* employment with respondents * * *; that at the time of her injury, respondent * * * had in full force and effect a policy of Workmen's Compensation Insurance with the Standard Insurance Company which would entitle claimant to all rights and benefits provided herein." (Emphasis supplied.)

It is well settled that jurisdiction of the State Industrial Court to award compensation for disability resulting from injury is ordinarily limited to those employments enumerated as hazardous by the Workmen's Compensation Act. Burger v. Lickliter, Okl., 319 P.2d 594. However, the passage of the "Estoppel Act", 85 O.S.

1961 §§ 65.2 and 65.3, had the effect of denying to employers who obtained compensation insurance on their employees, the defense that the employment was non-hazardous. The validity of the "Estoppel Act" has been sustained by this court (National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 919) and it is not questioned in this proceeding.

From the above cited cases, and the quoted portion of the trial judge's order, it is apparent that the award of the State Industrial Court in this case can be sustained only if the provisions of the Estoppel Act are applicable. It is further apparent that such question is a jurisdictional one, since if the Estoppel Act is not applicable, the Court did not have jurisdiction to enter the award for the injury arising out of the admittedly non-hazardous employment of claimant.

In this connection, the findings of fact of the State Industrial Court on a jurisdictional question are not binding upon this court, and on appeal this court will weigh the evidence in regard thereto and make its own independent findings of fact. Burrows v. State Industrial Commission, 188 Okl. 523, 111 P.2d 175.

85 O.S.1961, § 65.2, supra, provides in part as follows:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy, or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed * * in a hazardous employment * * *."

Since it was first held constitutional in National Bank of Tulsa Building v. Goldsmith, supra, this section of the statute has been construed and followed in many cases. See Crosstown Grill v. State Industrial

Commission, 204 Okl. 332, 229 P.2d 573; Veazey Drug Co. v. Collins, 204 Okl. 238, 228 P.2d 1015; Garr v. Cameron, 207 Okl. 563, 251 P.2d 181; Garr v. Collins, 208 Okl. 113, 253 P.2d 838; and Brown and Sons, Inc., v. Savage, 208 Okl. 668, 258 P.2d 183.

In Sears, Roebuck and Co. v. Baker, Okl., 286 P.2d 272, this court said in the body of the opinion, with regard to the cases listed immediately above:

"* * * In each of these cases it was stated that it was the purchase of a contract of insurance and the *payment of a premium on the particular employee* that rendered the employer and insurance carrier liable. * * *" (Emphasis supplied.)

We have carefully studied the entire record in this case, and we are unable to find any evidence that the salary of the employee, Ruth I. Fabors, was used in the computation of workmen's compensation insurance premiums. Neither can we find any evidence that respondent Lakeview Amusement Corporation carried workmen's compensation insurance on *any* of its employees.

Only two witnesses, the president of respondent corporation and his assistant, referred to insurance in their testimony. The record affirmatively shows that the testimony of Mr. Ellifritz, the president, concerned *public liability* insurance. Mr. Carrigan, the assistant, testified merely that "* * * if it is an accident we fill out some report to the insurance company". This statement could refer to any one of several types of insurance and we do not consider it probative evidence that respondent carried workmen's compensation insurance, or that the premiums thereon were paid upon the basis of the employment of claimant in this case.

We therefore hold that the provisions of the "Estoppel Act" are not applicable under the facts in this case. Since the claimant was injured in the course of an employment which was admittedly non-hazardous, it follows that the State Industrial Court was without jurisdiction to enter an award.

We are aware of Fuller-White Chevrolet Co. v. Graham, Okl., 355 P.2d 557, and other similar cases, which hold generally that where the record shows an "obligation to pay" and a "right to collect" insurance premiums "for claimant", the employer and insurance carrier are estopped by the provisions of the statute. However, from the summary above, it is obvious that the record in this case does not show an "obligation to pay" or a "right to collect" insurance premiums "for claimant".

Claimant argues that the question of the applicability of the Estoppel Act was not presented, or was insufficiently presented, in proceedings before the State Industrial Court. However, as we have seen, such question is a jurisdictional one in this case because claimant's injury was admittedly received in a non-hazardous employment. It is well settled that jurisdictional questions may be raised at any time before final disposition of the case. Stuckey v. City of Tulsa, 113 Okl. 45, 238 P. 837, and that jurisdiction under the Workmen's Compensation Law cannot be conferred by agreement, waiver or conduct of the parties. Rosamond Construction Company v. Rosamond, Okl., 292 P.2d 392.

Award vacated.