Michael SLOAN, Petitioner,

v.

Brian RINGWALD, Goodman Contracting, Inc., State Insurance Fund, and Workers' Compensation Court, Respondents.

No. 87174.

Court of Civil Appeals of Oklahoma,
Division No. 4.

Nov. 26, 1996.

Rehearing Denied March 11, 1997.

Certiorari Dismissed May 5, 1997.

Albert M. Morrison, Oklahoma City, for Petitioner.

Patricia A. Flanagan, Yukon, for Respondents.

*MEMORANDUM OPINION*

REIF, Judge.

■ Claimant Michael Sloan seeks review of the three-judge panel's order that held general contractor, Goodman Contracting, Inc., was not liable for an award of benefits along with Goodman's subcontractor for whom Claimant worked. The three-judge panel ruled that Goodman "relied in good faith on the Certification of Non–Coverage under the Workers' Compensation Act filed by [the subcontractor] and is therefore not liable for claimant's injuries per 85 O.S. § 11(B)(2)." There was no dispute that the subcontractor for whom claimant was working at the time of his injury had provided Goodman with a valid Certification of Non–Coverage. There was also no dispute that the subcontractor was a bona fide independent contractor of Goodman. Claimant nonetheless challenges the Certification of Non–Coverage exception to "principal employer" liability on general grounds that the exception is (1) "contrary to public policy ... the spirit of the workers' compensation laws of the State of Oklahoma, and is unconstitutional," (2) "permits an independent contractor to waive his employee's rights to proceed against a principal employer, when it is illegal ... for the employee himself to waive such rights," and (3) extinguishes a vested interest. While claimant's challenges are broad and inexact, they do point to constitutional infirmity in the certificate of non-coverage exception, although not the specific constitutional problem of extinguishing vested interests raised by claimant.

■ "The Workmen's Compensation Law is a creature of the Legislature in the exercise of its police power. It alone has the power to determine [coverage]." *Cities Service Gas Co. v. Witt,* 500 P.2d 288, 290 (Okla. 1972). "It is fundamental that the Legislature may not part with, or delegate to others, its right to exercise police power." *Id.* (citing *National Bank of Tulsa Building v. Goldsmith,* 204 Okla. 45, 226 P.2d 916 (1951)). The *Cities Service* case invalidated a rule by the State Industrial Court which purported to treat "own risk" employers the same as insured employers for the purpose of statutory estoppel to deny coverage for their non-hazardous employees.

The *National Bank of Tulsa* case invalidated a statute that left compulsory coverage of non-hazardous employees "at the option of an employer" who might choose "own risk" status. The problem with this was that non-hazardous employees retained their common law tort right to recover for injuries which was lost if an employer elected "own risk" status. The court condemned this statute, because "[w]ithout his consent but at the choice of his employer, an employee may be deprived of a right." *National Bank of Tulsa,* 226 P.2d at 921. The court said that vesting the employer with such an option concerning coverage "is an attempt to delegate legislative power in that it would confer upon an employer authority to determine that the Workmen's Compensation law, or which of two particular schemes of Law, shall govern his rights and liabilities, and the rights of his employee as between them." *Id.* The court concluded by noting, "[c]learly the power of classification of employments made subject to the Workers' Compensation Law, which a Legislature may exercise in its judgment of what is necessary for the public welfare, is not such power as may be delegated to an individual." *Id.*

Although the *Cities Service* and *National Bank* cases dealt with the issue of *general* coverage under the workers' compensation act, their principles and rationale would apply equally to instances of *special* coverage, like "principal employer" liability. Indeed,

236

the certificate of non-coverage exception involves the very problem presented in *National Bank*, 226 P.2d at 921, that "[w]ithout his consent but at the choice of his employer, an employee may be deprived of a right." Clearly, the legislature is free to create the special "principal employer" coverage for employees of subcontractors and independent contractors in the exercise of its police power, but cannot confer upon employers authority to determine inclusion or exclusion of their employees under that coverage. Power to make the determination of inclusion or exclusion of coverage "is not such power as may be delegated to an individual."

The three-judge panel's order is erroneous as a matter of law. It is hereby vacated and this case is remanded with directions to reinstate the order of the trial court.

VACATED AND REMANDED WITH DIRECTIONS.

RAPP, C.J., and TAYLOR, P.J., concur.