2002 OK CIV APP 116

Johnnie Dwayne MYERS, Petitioner,

v.

WESCON CONSTRUCTION, INC., National American Insurance, Concrete Works, and The Workers' Compensation Court, Respondents.

No. 97,498.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 11, 2002.

Rehearing Denied Nov. 8, 2002.

Rick Paynter, Stipe Law Firm, Tulsa, OK, for Petitioner.

Kristin Blue Fisher, Feldman, Franden, Woodard & Farris, Tulsa, OK, for Respondents Wescon Construction, Inc. and National American Insurance.

OPINION

ADAMS, Judge.

¶1 Claimant Johnnie Myers suffered an accidental injury arising out of and in the course of his employment with Concrete Works (Employer) on the "Riverside Project." Wescon Construction, Inc. was the "principal employer" on that project and before hiring Employer to perform part of the work on the project, required Employer to provide written proof of workers' compensation coverage for its employees such as Claimant. Employer provided written proof of such coverage from its insurance agent. Unfortunately, through no fault of Employer, no policy was ever issued, and Employer did not have workers' compensation coverage.

¶2 Claimant joined Wescon and its insurance carrier, National American Insurance (hereafter Principal Employer, collectively) to his workers' compensation claim case, arguing Principal Employer was liable for his benefits under 85 O.S.Supp.1998 § 11. Although the trial judge concluded Principal Employer was liable based on a finding that the Principal Employer did not rely on the proof of insurance furnished by Employer's agent, on *en banc* appeal, the three-judge panel concluded that finding was against the clear weight of the evidence, vacated relevant portions of the trial judge's order and replaced them with new provisions exonerating Principal Employer from liability. This left Claimant with an award of benefits against only Employer.

¶3 In this review proceeding, Claimant does not challenge the factual conclusion that

Principal Employer relied upon the proof of coverage from Employer's insurance agent. Rather, Claimant argues (1) a "principal employer" may not escape the secondary liability provisions of § 11 by reliance on a certificate of insurance coverage because, he says, the statute confers that ability only on a "independent contractor" and (2) *Sloan v. Ringwald*, 1996 OK CIV APP 162, 940 P.2d 234, which involved a Certificate of Non–Coverage, should be applied to invalidate any statutory exemption from liability which Principal Employer might otherwise possess. Both of these arguments present questions of law.

¶ 4 To support his first argument, Claimant relies upon the language of § 11(B)(1) which allows an "independent contractor" to escape liability to the employees of any "subcontractor" when the "independent contractor relies in good faith on proof of a valid workers' compensation insurance policy issued to a subcontractor of the independent contractor." Because the Workers' Compensation Court found Wescon to be a "principal employer," Claimant argues it may not rely on that provision.

¶ 5 However, Principal Employer does not rely on § 11(B)(1) but on § 11(B)(2), which provides, in pertinent part,

> if a principal employer relies in good faith on proof of a valid workers' compensation insurance policy issued to an independent contractor of the employer or to a subcontractor of the independent contractor ... then the principal employer shall not be liable for injuries of any employees of the independent contractor or subcontractor.

Section 11(B)(2) clearly provides for an exemption from secondary liability by a principal employer so long as the principal employer relies in good faith upon proof of a valid workers' compensation insurance policy. We reject Claimant's first argument.

¶ 6 Similarly, we reject the second argument because *Sloan* does not apply to these facts. In *Sloan*, another division of this Court held this same provision of § 11(B)(2) unconstitutional insofar as it allowed a principal employer or employer to rely in good faith upon a Certificate of Non–Coverage even where the individual covered by the Certificate was in fact an employee for purposes of our workers' compensation law.[1] According to *Sloan*, this amounted to an improper delegation to the employer of the power to determine whether a worker was covered by the workers' compensation law.

¶ 7 No question of Claimant's status as an employee entitled to workers' compensation benefits is presented here as it was in *Sloan*. The provision in question here, rather than depriving Claimant of benefits, merely determines under what circumstances a principal employer is also liable for those benefits *in addition to* a claimant's employer.[2]

¶ 8 Section 11(B)(2) only imposes liability for those benefits on a principal employer "if ... the principal employer has failed to require a compliance with the Workers' Compensation Act of this state, by the independent contractor." By allowing a principal employer to rely in good faith upon proof of insurance coverage, the Legislature has simply delineated what the principal employer must do to "require a compliance."

¶ 9 The order of the Workers' Compensation Court is not contrary to law, and Claimant has not challenged its factual findings. Accordingly, the order is sustained.

SUSTAINED.

HANSEN, P.J., and MITCHELL, J., concur.

1. The Certificate of Non–Coverage is authorized by 40 O.S.Supp.1999 § 415.1(B), which empowers the Commissioner of Labor to issue such a certificate if the Commissioner, after a reasonable inquiry, finds the person "to be exempt from the definition of employee under Section 3 of Title 85 of the Oklahoma Statutes." Issuance of that certificate creates a rebuttable presumption that the "filer is not an employee for purposes of the Workers' Compensation Act."

2. Because *Sloan* is distinguishable on its facts, we need not decide whether we would follow its holding were we presented with a case involving a Certificate of Non–Coverage. However, at least the author of this opinion questions whether the provision invalidated in *Sloan* delegates any authority to the employer where the Commissioner of Labor is the issuer of the certificate and the person requesting the certificate must be the individual covered by the certificate.