B. C. MILLS, Petitioner,

v.

R. T. "BOB" NELSON'S PAINTING SERVICE, Hartford Accident & Indemnity Company and the State Industrial Court, Respondents.

No. 41753.

Supreme Court of Oklahoma.

Dec. 27, 1966.

850

Childers & Keller, Oklahoma City, Chapman & Jones, Bristow, for petitioner.

Dale Reneau, of Fenton, Fenton, Smith, Reneau & Moon, Charles Nesbitt, Atty. Gen., Oklahoma City, for respondents.

LAVENDER, Justice:

The claimant, B. C. Mills, made claim for temporary total disability and permanent partial disability compensation, and for medical expenses sustained and in-

curred as a result of an accidental personal injury which he alleges to have suffered while employed by the respondent in a pursuit within the purview of the Workmen's Compensation Law. The employer and his insurer denied liability on the ground that the claimant was at the time of the injury an independent contractor. Hearings were held, and the trial judge entered his order on August 17, 1965, finding that the claimant was in fact an independent contractor and not an employee and denied the claim for compensation.

The claimant invoked the appellate jurisdiction of the State Industrial Court en banc, which by order on appeal dated October 18, 1965, adopted and affirmed the order of the trial judge.

The determinative question and the only question involved on this appeal is the existence or nonexistence of the relationship of employer and employee between the respondent and the claimant. If the trial tribunal correctly adjudicated this issue,

other contentions argued vanish with failure of jurisdiction to make any award.

Respondent entered into an agreement with an oil company to sandblast and apply four coats of paint on five large oil storage tanks. He then made an arrangement with the claimant to furnish only the requisite labor to perform the task for an agreed rate of payment of six cents per square foot of tank surface. A memorandum of this agreement between the respondent and claimant was reduced to writing, subscribed by the parties, dated April 20, 1964. The work commenced and continued until the date of the asserted injury, May 18, 1964, which claimant sustained when a scaffold broke, causing claimant to fall from a considerable height. Claimant obtained treatment of a fractured left radius and returned to work the following day and continued to work until June 27, 1965, at which time he left the project and never returned.

The document bearing date of April 20, 1964, subscribed by the claimant and the respondent, is as follows:

"R. T. 'Bob' Nelson's Painting Service

A Specialized Service for the Oil and Petrochemical Industries
715 E. Reno
P. O. Box 763
Oklahoma City 5, Okla.

April 20, 1964

"AGREEMENT BETWEEN R. T. NELSON AND BILLY MILLS

Duties to be performed by Billy Mills at Shell Pipe Line Corporation's Healdton, Oklahoma Tank Farm, Billy Mills will receive $.06 per square foot from R. T. Nelson for labor only for sandblasting and applying four coats of paint to tanks listed below:

| Tank # 116–D | 21,297 sq. ft. | $1,277.82 |
|---|---|---|
| Tank # 117–D | 21,297 sq. ft. | 1,277.82 |
| Tank # 118–D | 21,297 sq. ft. | 1,277.82 |
| Tank # 119–D | 21,297 sq. ft. | 1,277.82 |
| Tank # 220–D | 23,279 sq. ft. | 1,396.74 |
| Grand Total | 108,467 sq. ft. | $6,508.02 |

/s/ R. T. Nelson
R. T. Nelson
/s/ B. C. Mills
Billy Mills."

The contract between the respondent and the Shell Pipe Line Corporation, the owner of the tanks here involved, constitutes some fifty-five pages and is included in the record. It is elaborate, voluminous, detailed and precise; yet such contract is not probative of any issue in this proceeding.

■ The agreement between the claimant and the respondent, as set out above, leaves much to be desired as an agreement in writing. Basically, it describes the work to be done and the price to be paid therefor and little else. If the respondent had the right to control the physical details of the work, such right can hardly be deduced from the instrument, the only written reference to the relationship between claimant and respondent in the record. The uncontroverted testimony of both the claimant and respondent is that respondent came on the job site on no more than two occasions during the time claimant remained on the job. The evidence further is clear that the respondent was furnished estimates of job progress and paid to the claimant a weekly sum of money, usually $500.00, and that the claimant paid the persons whom he had hired to do painting on the tanks; that no deductions whatever were made from any of the money installments paid by respondent to claimant.

■ Under the evidence this court is led to conclude that the relationship between claimant and respondent was not that of employer and employee but that of independent contractor under an unsatisfactory written agreement. Yet that agreement constitutes an assumpsit by the claimant and a promise to pay by the respondent.

■ Claimant argues in his brief the applicability of 85 O.S.1961, Secs. 65.2 and 65.3 as inhibiting the respondent in his denial of responsibility for any disability of claimant attributable to the injury alleged. The statutes are often referred to as the "Estoppel Acts" and go only to the question of hazardousness. Folsom Auto Supply v. Bristow, Okl., 275 P.2d 706. That the pursuit in which the claimant was here engaged was clearly hazardous within the meaning of the Workmen's Compensation Law was never in dispute.

The order of the State Industrial Court en banc denying any award of compensation to claimant is therefore sustained.