**CITIES SERVICE GAS COMPANY, a corporation, Own Risk, Petitioner,**

v.

**Betty Louise WITT and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 45250.**

Supreme Court of Oklahoma.

June 27, 1972.

Jack W. Wertz, William J. Sears, Glenn H. Grubb, Monnet, Hayes, Bullis, Grubb & Thompson, Oklahoma City, for petitioner.

O'Toole, Lee & King, Oklahoma City, for respondents.

JACKSON, Justice:

The question is whether or not the estoppel provisions of 85 O.S.1971, §§ 65.2 and 65.3 and Rule 24 of the State Industrial Court are applicable and binding upon an "own risk" employer where the employer has listed its office employees among those intended to be covered by the Workmen's Compensation Law. We have previously answered this question in the negative, but because of new arguments we again consider the question.

Betty Louise Witt, claimant, while employed and working as a bookkeeper for

her employer, Cities Service Gas Company, "own risk", slipped and fell on a slick floor and suffered disabling injuries. She stipulated that the work in which she was engaged was not classified as hazardous as defined by the Workmen's Compensation Law. The Industrial Court order awarded benefits to claimant based on the following finding:

"That respondent [Cities Service Gas Company, "own risk"] listed its office employees among those intended to be covered by its policy of self-insurance and is therefore estopped to deny claimant's employment is hazardous."

This order exceeded the jurisdiction of the State Industrial Court and the award must be vacated.

85 O.S.1971, § 65.2 provides, in material part, that every employer and every insurance carrier who schedules an employee for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy, or who pays, receives, or collects a premium based upon such employment shall be estopped to deny that the employee was engaged in hazardous employment and covered by the Workmen's Compensation Law.

85 O.S.1971, § 65.3 provides in effect that where an insurance contract is issued by an insurance carrier to insure an employer against liability under the Workmen's Compensation Law and an employee's employment is considered or used in determining the amount of premium, it shall be conclusively presumed to be a contract for the benefit of such employee and enforceable in the State Industrial Court.

Rule 24, State Industrial Court Rules, 85, Ch. 4, App., O.S.1971, page 5146, states that all individuals or companies having "own risk" permits are held subject to the provisions of 85 O.S.1971, § 65.2 with the same force and effect as insurance companies under the same circumstances.

In the first case construing the "estoppel act" after its passage in 1947, National Bank of Tulsa Building v. Goldsmith, 204 Okl. 45, 226 P.2d 916, 920, we said that the condition under which the "estoppel act" (now 85 O.S.1971, §§ 65.2 and 65.3) becomes operative is the existence of an insurance contract between an employer and an insurance carrier.

In 1955, in Sears, Roebuck and Company v. Baker, Okl., 286 P.2d 272, we considered the effect of the "estoppel act" upon an "own risk" employer. Therein claimant was a retail clerk employed in the mail order department of Sears. She fell while carrying a typewriter and suffered injuries. The Industrial Commission had found that claimant was one of the number of employees set out in Sears' application to carry its own risk and concluded that Sears was estopped to deny the hazardousness of claimant's occupation. On review this court held (p. 274) that the Legislature alone has the power to declare what constitutes hazardous employment and that Rule 24 cannot impose liability.

The Workmen's Compensation Law is a creature of the Legislature in the exercise of its police power. It alone has the power to determine what employments shall be defined as hazardous. It is fundamental that the Legislature may not part with, or delegate to others, its right to exercise the police power. National Bank of Tulsa Building v. Goldsmith, supra.

The estoppel act, 85 O.S.1971, §§ 65.2 and 65.3, is narrow in scope. It applies where an employee is scheduled by an employer and insurance carrier for paying or collecting insurance premiums. There is no provision or implication that these sections also apply to an "own risk" employer.

Our attention is invited to In re Foree, Okl., 289 P.2d 649. In that case, as related to the estoppel act, we found no evidence in the record to indicate that the "own risk" employer intended to provide Workmen's Compensation benefits to the claimant. Without such evidence in the record we concluded that it was not necessary to determine whether the estoppel act and Rule 24 applied to "own risk" employers.

Claimant urges that the above cited cases are no longer conclusive. Her argument is

based upon the fact that until 1959 the tribunal having jurisdiction of industrial claims was the State Industrial Commission and that the cited cases deal with the jurisdiction and powers of the Industrial Commission. She argues that 85 O.S.1971, § 91, enacted in 1959, which converted the Industrial Commission into a court of record under the name of State Industrial Court, gave that court additional powers and jurisdiction it did not have while operating as an Industrial Commission, including the inherent power of courts to make rules. It is noticed that in § 91(b) the Industrial Court is "confirmed as a court of record, with respect to any matter within the limits of its jurisdiction, and within such limits the judges thereof shall possess the powers and prerogatives of the judges of the other courts of record of this state." Section 91 does not purport to expand the jurisdiction of the Industrial Court so that it may classify nonhazardous employments as hazardous, nor expand the estoppel provisions set forth in 85 O.S.1971, §§ 65.2 and 65.3.

 Claimant invites attention to 85 O.S.1971, § 3(9), which defines insurance carriers and includes ("own risk") employers permitted to pay compensation directly under the provisions of 85 O.S.1971, § 61(d). Section 3(9), standing alone, does not expand the obligations of an "own risk" employer, nor convert a non-hazardous employment into hazardous employment. Sections 65.2 and 65.3 are the only provisions of the Workmen's Compensation Law, to which our attention has been invited, which expand insurance protection by estoppel. These sections do not apply to "own risk" employers.

 Claimant further contends where, as here, an "own risk" employer schedules clerical employees for compensation benefits it should be estopped in equity without regard to the provisions of 85 O.S.1971, §§ 65.2 and 65.3, and Rule 24 of the Industrial Court. This argument raises the question of whether the Industrial Court has the authority to extend its jurisdiction and ap-

ply equitable estoppel without regard to the provisions of the Workmen's Compensation Law. It is well settled that the Industrial Court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law. Pine v. Davis, 193 Okl. 517, 145 P.2d 378; Bryant-Hayward Drilling Company v. Green, Okl., 362 P.2d 676. It is also settled that the jurisdiction of the Industrial Court cannot be expanded by agreement, waiver, or conduct. Hardy Sanitarium v. De Hart, 164 Okl. 29, 22 P.2d 379, Rosamond Construction Company v. Rosamond, Okl., 292 P.2d 392.

The award of the State Industrial Court is vacated with directions to dismiss the claim.

All the Justices concur.