Bill P. MILLER, Petitioner,

v.

SEARS, ROEBUCK & COMPANY, an Own Risk Insurance Carrier and the State Industrial Court, Respondents.

No. 46702.

Supreme Court of Oklahoma.

June 1, 1976.

Rehearing Denied June 28, 1976.

James Khourie, Whitten, McDaniel & Osmond, Tulsa, for petitioner.

Dennis J. Downing, David R. Milsten, Bruce O. Taliaferro, Tulsa, for respondents.

WILLIAMS, Chief Justice.

This is an original proceeding brought by claimant for the review of an order of the State Industrial Court en banc, which affirmed an order of the trial judge denying claimant an award under the provisions of the Workmen's Compensation Law.

At the time of his injury, claimant was the assistant manager of a retail establishment for his employer, an own risk employer pursuant to 85 O.S.1971, Sec. 61(d). It is conceded that he was engaged in a nonhazardous employment, and for that reason no recital of the details of his accident and injury is necessary. For the same reason, it is obvious that claimant is not entitled to an award unless his employer is estopped to deny that he was injured in a hazardous employment.

Claimant's single proposition in this Court is stated as follows:

"The sole contention of the claimant is that the refusal of the trial judge and the State Industrial Court en banc to apply the estoppel provisions of the Oklahoma Workmen's Compensation Act and the provisions of Rule 24 of the State Industrial Court rules to the respondent in this case resulted in a denial of equal protection of the laws guaranteed to claimant by the 14th Amendment of the United States Constitution and due process of law under Art. II, Sec. 7 of the Oklahoma Constitution."

In claimant's reply brief, it is said that "We emphasize for the court that the claimant's primary attack in this case is

not on the constitutionality of 85 O.S. Sec. 65.2, as written, but judicial discrimination denying equal protection of the laws to the claimant". The "judicial discrimination" alleged concerns this court's prior holdings, in cases squarely in point, that the estoppel provisions of Sec. 65.2 are not applicable as against employers who are own risk carriers. See *Sears, Roebuck and Co. v. Baker,* Okl., 286 P.2d 272, and *Cities Service Gas Co. v. Witt,* Okl., 500 P.2d 288. He suggests that in the situation presented, this Court has three alternatives: (1) to hold that own risk employers *are* subject to the estoppel provisions of Sec. 65.2; (2) to "reinstate" Rule 24 of the State Industrial Court, which would have the same effect; and (3) "only as a last resort", to declare Sec. 65.2 unconstitutional because it does not apply to own risk employers. Of course, if we followed the third alternative claimant would still fail because he was admittedly engaged in a nonhazardous employment at the time of his injury.

For reasons set out below we hold that Sec. 65.2 is constitutional, and that no judicial discrimination has been involved in its application.

In pertinent part, the estoppel provisions of 85 O.S.1971, Sec. 65.2, are as follows:

> "Every employer and every insurance carrier who schedules any employee as a person employed by the employer *for the purpose of paying or collecting insurance premiums* on a Workmen's Compensation insurance policy or who *pays, receives or collects any premiums* upon any insurance policy covering the liability of such employer * * * *by reason of or upon the basis of the employment of any such employee shall* be estopped to deny that such employee was employed by the employer in a hazardous employment * * *." (Emphasis added.)

By reason of the language emphasized above, this Court held, in *Sears* and *Cities Service,* supra, that the own risk carriers in those cases, which had purchased no insurance policy and paid no premiums, were

not subject to the estoppel provisions of Sec. 65.2. In other cases we have held, in effect, that the act which "triggers" the application of the estoppel is the act of the employer or insurance carrier in paying or receiving insurance premiums, or in scheduling claimant's employment *for that purpose.* See *National Bank of Tulsa Building v. Goldsmith,* 204 Okl. 45, 226 P.2d 916; *Mills v. R. T. "Bob" Nelson's Painting Service,* Okl., 421 P.2d 849; *Fuller White Chevrolet Company v. Graham,* Okl., 355 P.2d 557.

█ The pertinent facts are precisely the same in the case now before us. Under uncontradicted evidence in the record, the employer, being an own risk carrier, has procured no Workmen's Compensation Insurance policy and paid no insurance premium. We therefore hold that by reason of the plain and unambiguous language of Sec. 65.2 and in accordance with our prior holdings in *Sears* and *Cities Service,* supra, the own risk employer in this case is not estopped to deny that claimant was engaged in a hazardous employment at the time of his injury.

█ As we have previously noted, claimant's argument that "judicial discrimination" has denied him the equal protection of the laws has reference to our prior holdings in *Sears* and *Cities Service,* supra, which, as noted above, are in strict accordance with the plain language of Sec. 65.2. It necessarily follows that unless Sec. 65.2 itself is unconstitutional, claimant has not been denied the equal protection of the laws.

Claimant's argument in this connection, as we understand it, rests on the proposition that Sec. 65.2 is based upon an allegedly arbitrary classification, in that a claimant injured in nonhazardous employment with an employer who has procured insurance based upon claimant's employment is permitted to recover compensation benefits, while a similar claimant employed by an own risk carrier may not recover, but is left with no remedy.

■ In the absence of a clear showing that a "fundamental right" of the claimant explicitly or implicitly protected by the Constitution has been abridged by the subject classification, this Court looks only to see if there is no rational basis which will support the constitutionality of the classification. *San Antonio Independent School District v. Rodriguez,* 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Claimant's sole contention as to what right has been denied him is that the application of the Estoppel Act leaves him without a remedy for his injury.

■ For reasons set out below, we are unable to agree. It is well settled that the scheme of compensation provided in our Workmen's Compensation Law is a substitute remedy—a substitute for the common law action for damages. See *Adams v. Iten Biscuit Co.,* 63 Okl. 52, 162 P. 938; *Wilson and Co. of Okl. v. Musgrave,* 180 Okl. 246, 68 P.2d 846; *Governair Corp. v. Dist. Ct. of Oklahoma County,* Okl., 293 P.2d 918; 58 Am.Jur. Workmen's Compensation, Sec. 2. As originally enacted by our 1947 Legislature, the Estoppel Act (now codified as 85 O.S.1971, Sections 65.2 and 65.3) consisted of three sections. The first section in effect made the provisions of the Act binding upon both employer and employee. This Court first considered the Act in 1951 in *National Bank of Tulsa Building v. Goldsmith,* 204 Okl. 45, 226 P.2d 916, and, after specifically noting that the first section "allows no choice to an employee", held it unconstitutional for that reason. See the first paragraph of the syllabus by the court in that case. In upholding sections 2 and 3 of the Act (Sec. 65.2 and 65.3), this Court said at page 923 of the Pacific Reporter:

"In enactment of sections two and three the Legislature has established a rule of law to the effect that in the case specified an employment is made subject to the Workmen's Compensation Law, but *has left to the injured employee the choice* of whether to accept or reject the provisions of the Act. * * *" (Emphasis added.)

■ In summary: since (1) our Workmen's Compensation Law provides a substitute remedy for employees covered thereby, and does not take away the common law remedy from employees not covered; and since (2) the provisions of the Estoppel Act are in effect optional with the employee concerned, who may either claim compensation under the Act or pursue his common law remedy, it cannot be said that the Estoppel Act denies him the equal protection of the laws or due process of law. On the contrary, it leaves the employee of an own risk carrier who is injured in a nonhazardous employment in exactly the same position as any other employee injured in a nonhazardous employment not covered by the Estoppel Act.

■ There exists not only some rational basis to support the constitutionality of the Estoppel Act, but a sound reason for the distinction established by its scheme of classification. Own risk carriers (employers) accept no premiums for the coverage they must by law provide. Insurance carriers in the business of writing Workmen's Compensation Insurance have a built-in mechanism for protecting themselves from the additional risk imposed by the Estoppel Act. Their premium structure is premised on the expanded risk, while the own risk carrier carries the responsibility of compensation without remuneration. The Estoppel Act implements the policy decision of the Legislature that it would be inequitable to allow a compensation insurer to accept premiums and then contest coverage. No comparable rationale applies to own risk carriers.

■ Actually, claimant's equal protection and due process arguments amount to an attack upon what he calls the "now absurd distinction between hazardous and nonhazardous employment" and the "complete lack of necessity for such distinction". We find it significant that he does

not characterize the "hazardous-nonhazardous" classification as unconstitutional, and no authority is cited from this or any other jurisdiction to that effect. The classification has not been abandoned in Oklahoma, and the question of whether it should or should not be abandoned is obviously one for legislative determination.

The order of the State Industrial Court is sustained.

DAVISON, BERRY and LAVENDER, JJ., concur.

IRWIN, J., concurs specially.

HODGES, V. C. J., and BARNES, SIMMS and DOOLIN, JJ., dissent.

HODGES, Vice Chief Justice (dissenting).

There is no question that had the claimant in this case been employed by a company with an insurance carrier, instead of a self-insured, the estoppel provisions of the Act would apply and claimant would be entitled to compensation. And, in my opinion, this is what the legislature intended.

Title 85 O.S.1971 § 3(9) specifically defines a self-insured employer as an "Insurance Carrier." It is inconceivable to me that the legislature would classify an own risk employer for all purposes of workmen's compensation except for the estoppel act as determined by the majority opinion. Such a distinction would serve no useful purpose and would discriminate against persons of the same class in violation of their constitutional rights.

Traditionally, in cases involving equal protection of law, a classification will not be disturbed unless determined to be without rational basis. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). But, where a classification is based upon suspect criteria or impinges fundamental interests, the inquiry involves strict judicial examination. *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848,

29 L.Ed.2d 534 (1971). Thus, on review, a classification will be declared invalid unless found justified by compelling state interest. *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1968).

There is no rational basis for differentiation between employees of the same class because one employer pays premiums for coverage while another elects to be a self-insurer. By statutory declaration the self-insurer is as much an insurance carrier as private insurers named in § 3(9) of the Act. No inequity results from applying the estoppel act uniformly to employees of the same class who are scheduled by either insurer. Whether an employer insures with a private carrier or elects to be a self-insurer is of no consequence. Under either insurance program the insurer has the unequivocal right to declare any employee engaged in nonhazardous employment may, or may not be, included for compensation coverage.

Prior decisions mandate a different treatment for scheduled employees of self-insurers than is accorded employees insured by carriers who collect premiums for additional risks. Neither legislative history nor evidentiary basis supports the argument this classification bears fair relationship to any legislative objective or accords equal treatment to employees of the same class. I am unimpressed by the conclusion claimant is not denied equal protection of law simply because the right remains to pursue a common law remedy. This argument begs the question. The right of election rests basically with the self-insurer. The employee is relegated to relief by common law action, subject to all defenses the employer cannot otherwise assert, when the self-insurer relies upon estoppel.

Earlier decisions of *Baker & Witt* to consider the issue of equality between employees of the same class and gave no recognition to other applicable statutes. Judicial construction by the majority opinion has evolved an arbitrary and discriminatory classification between employees

of the same class, without reasonable relationship to legitimate state interest. An employee accidentally injured during work not defined as hazardous may rely upon the estoppel act if his employer paid a premium to an insurer who issued a policy covering the employee's job. The same employee under an employer who elects to be self-insured cannot rely upon the estoppel act although scheduled in the own risk application. The arbitrary classification rests entirely upon the employer's election over which the employee has no control.

The majority suggests there is rational basis for this classification as the estoppel act implements legislative policy to prevent inequity. Self-insurers receive no premiums for coverage, while private insurers collect premiums for expanded risk. Thus inequity of allowing private insurers to collect premiums and then contest coverage is eliminated, whereas no comparable rationale applies to self-insurers.

If considered on equitable principles, clearly greater inequity results from present construction of meaning and intent of the estoppel act.

Our statutes relating to insurance require casualty insurers' compliance with provisions of Workmen's Compensation Act. 36 O.S.1971 §§ 608, 707. Every insurer must secure permit, pay license fees, make annual reports and be subject to license revocation, § 615. Under § 625 every insurer must pay four percent (4%) annual tax on all yearly premiums.

Self-insurers are not bound by these requirements, pay no premium taxes, avoid all obligations laid upon private insurers, and escape charges for any administrative expense of the Act. Demonstrably, self-insurers maintain a favored position and derive direct financial benefit from tax free status. Although an insurance carrier by statutory definition, all employees are scheduled for coverage without obligations since accorded the privilege of asserting estoppel act upon the theory no

premiums are paid and received and no benefits accrue from self-insured status. What legitimate state interest, or rational basis for differentiation in classification are to be found in this judicially created favored status? The resulting inequity is apparent.

Reconsideration of the estoppel act upon the basis of legislative intent and relationship to other statutes, 85 O.S.1971 §§ 3(9), 65.2 requires recognition that the decisions in *Sears, Roebuck & Company v. Baker,* and *Cities Service Gas Co. v. Witt,* supra, were in error.

I am authorized to state that Justice SIMMS and Justice DOOLIN concur in the views herein expressed.

IRWIN, Justice (concurring specially).

Self-insured employers are specifically authorized by statute. 85 O.S.1971, § 61. In my opinion, under no theory of statutory construction could a self-insured employer come within the purview of 85 O.S.1971, § 65.2. The estoppel provisions of 85 O.S. 1971, § 65.2, are not applicable to self-insured employers by reason of Legislative enactment and not because of judicial decision.

When the questioned classification is the product of the Legislative decision making process and impinges on no fundamental constitutionally guaranteed rights, this Court is not free to examine the wisdom of the Legislature's scheme of classification. Under such circumstances, the Court acts to void the Legislature's statutory design only when the classification is without some rational basis.

The Legislature has sole power to include or exclude persons from statutory classification; the judiciary adjudicates the constitutionality of the Legislative inclusion or exclusion. The judiciary has no authority to include a self-insured employer in the class subject to § 65.2 where the Legislature has failed to do so merely because it may not agree with the reason for the distinction.