**BOARD OF COUNTY COMMISSIONERS
OF TULSA COUNTY, Oklahoma, Own
Risk No. 1124, Petitioner,**

v.

**Maxine CLARDY and State Industrial
Court, Respondents.**

**No. 49176.**

Supreme Court of Oklahoma.

Nov. 9, 1976.

Gary J. Summerfield, Asst. Dist. Atty., Tulsa County, Tulsa, for petitioner.

Don Porter, Oklahoma City, for respondents.

BARNES, Justice:

Respondent, Maxine Clardy (Claimant below), sustained an accidental personal injury on January 23, 1974. At that time she was employed as a laboratory technician with the Tulsa City-County Health Department's Mobile Health Unit. Respondent fell down the steps of the mobile unit in which she worked, resulting in a sprained ankle and alleged injuries to her neck and back. Respondent testified her whole body came in contact with the steps, while Respondent's Supervisor, who witnesses the accident, testified that she did not fall down, but that she did turn her ankle.

Claim for compensation was filed April 29, 1974. Respondent testified she was treated following the accident for a sprained ankle and cervical strain; that she is presently wearing a black brace and receiving therapy for her back three days a week. Respondent has not been employed since the accident.

The Trial Court found an injury to Respondent's left ankle, cervical spine and back. An award was entered for 18 per cent permanent partial disability to the body as a whole, and the Board of County

Commissioners of Tulsa County, Petitioner herein (Respondent below), Own Risk Carrier No. 1124, was ordered to pay all medical bills incurred as a result of this injury.

Petitioner attacks the order and award, contending the Trial Court erred in two respects: (1) It determined Respondent was engaged in a hazardous employment when the same is not so defined by the compensation statutes; and (2) it improperly held an own-risk employer is estopped to deny coverage of an employee who is not scheduled on said employer's own risk application.

The question presented is whether 85 O.S. 1971 § 65.2 estops an own-risk employer from denying the hazardous nature of an employee's occupation when said own-risk employer does not schedule the employee on his own-risk application.

Title 85 O.S.1971 § 65.2 provides:

"Every employer and every insurance carrier who schedules any employee as a person employed by the employer for the purpose of paying or collecting insurance premiums on a Workmen's Compensation insurance policy or who pays, receives or collects any premiums upon any insurance policy covering the liability of such employer under the Workmen's Compensation Law by reason of or upon the basis of the employment of any such employee shall be estopped to deny that such employee was employed by the employer in a hazardous employment subject to and covered by the Workmen's Compensation Law if such person receives an accidental personal injury arising out of and in the course of his employment, during the period for which such premium was so received, regardless of the type of business in which the employer was engaged or the type of employment in which the employee was engaged at the time of such injury."

Petitioner herein, citing *Miller v. Sears Roebuck Company*, 46 O.B.J. 1375 (Okl. 1975), contends that in order to estop an own-risk employer from denying coverage,

said employer must schedule the employee is question on his own-risk application. Petitioner asserts that it scheduled only the following four categories of employees engaged in a hazardous occupation: Sheriff's Office Highway District # 1, Highway District # 2, and Highway District # 3, but did not list a laboratory technician for the City-County Health Department.

We note, however, that a rehearing was granted in the *Miller case, supra,* and the opinion, as rewritten by Chief Justice Williams, appears at 550 P.2d 1330 (Okl.1976). This Court, referring to its previous decisions in *Sears, Roebuck and Co. v. Baker,* 286 P.2d 272 (Okl.1955), and *Cities Service Gas Co. v. Witt,* 500 P.2d 288 (Okl.1972), and citing § 65.2, supra, said:

"By reason of the language emphasized above, this Court held, in Sears and Cities Service, supra, that the own risk carriers in those cases, which had purchased no insurance policy and paid no premiums, were not subject to the estoppel provisions of Sec. 65.2. In other cases we have held, in effect, that the act which 'triggers' the application of the estoppel is the act of the employer or insurance carrier in paying or receiving insurance premiums, or in scheduling claimant's employment for that purpose.

* * * (cases cited).

"The pertinent facts are precisely the same in the case now before us. Under uncontradicted evidence in the record, the employer, being an own risk carrier, has procured no Workmen's Compensation Insurance policy and paid no insurance premium. We therefore hold that by reason of the plain and unambiguous language of Sec. 65.2 and in accordance with our prior holdings in Sears and Cities Service, supra, the own risk employer in this case is not estopped to deny that claimant was engaged in a hazardous employment at the time of his injury."

██ Even had the Claimant been listed by Petitioner as a covered employee, under

the last opinion in *Sears v. Baker, supra,* there would have been no estoppel. We, therefore, hold the own-risk employer in the case at bar is not estopped to deny that Respondent was engaged in a hazardous employment.

Respondent herein next asserts that even if the estoppel provisions of 85 O.S.1971 § 65.2 are not applicable, Respondent was engaged in hazardous employment at the time of her injury and her claim was properly within the jurisdiction of the Industrial Court. Respondent cited no cases to support her position, but gave the following description of her job during the proceedings:

"Testing of blood and urinanalysis plus testing different—testing CBC, complete blood count, and urinanalysis, electrophoresis; this is hemoglobin analysis and VD Clinic testing for syphilis and gonorrhea and TB Clinic for liver diseases and whatever, SGOTS and numerous other tests, sedimentation."

Claimant further testified that she came in contact with numerous diseased people during the course of her employment and that she had been told by doctors that a person doing her type of work could expect to become ill several times a year due to exposure to disease. Respondent contends the high risk of incurring disease that accompanies her employment as a laboratory technician is inherently hazardous and that her claim for compensation was properly within the jurisdiction of the Industrial Court.

On the other hand, Petitioner asserts it is clear under any reading of the Workmen's Compensation statutes that the Claimant was not engaged in a hazardous employment as provided in Title 85. We agree.

This Court said in *Marr v. American Flyers Airline Corporation,* 443 P.2d 961 (Okl.1968):

" 'In order for the State Industrial Court to have jurisdiction to award compensation to an employee and against an employer for an accidental personal injury arising out of and in the course of his employment, such employment must be in one of the industries, plants, factories, lines, occupations or trades mentioned in 85 O.S.Supp.1959, § 2; *or* the facts must bring the branch or department of the business under said section governed by the phrase 'hazardous employment', as defined in 85 O.S.1951 § 3, as amended.' "

We find no words in § 2 or in § 3, supra, that specifically name or refer to employment as a City-County laboratory technician as constituting a hazardous employment. We said in the syllabus in *Sears, Roebuck and Company v. Baker, supra*:

"An employer who qualifies as an own risk under the provisions of 85 O.S.1951 § 61(d) is not liable under the Workmen's Compensation Law unless such employer is engaged in one of the employments defined as hazardous by the Workmen's Compensation Law. 85 O. S.1951 §§ 1 and 2."

Because Respondent has failed to set forth facts which bring her employment within the purview of §§ 2 and 3, supra, the award is vacated.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY and LAVENDER, JJ., concur.

HODGE, V. C. J., and SIMMS and DOOLIN, JJ., concur by reason of stare decisis.