**Bennie L. HEFLEY, Petitioner/Counter–Respondent,**

v.

**Bennie L. HEFLEY, American States Insurance Company, and the Workers, Compensation Court, Respondents, Counter–Petitioners.**

No. 85731.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 21, 1995.

Rehearing Denied Jan. 2, 1996.

Certiorari Denied April 10, 1996.

Eddie L. Carr, Tulsa, for Petitioner.

H.A. Bud Carter, Oklahoma City, for Respondents.

## OPINION

HANSEN, Judge:

Petitioner/Counter–Respondent, Bennie L. Hefley (Claimant) asserted a claim under the Workers' Compensation Act [1] (Act) for multiple injuries he received on January 14, 1991, when the vehicle he was driving was struck by a train. Claimant, who operated a ceramic tile installation business as a sole proprietorship, listed himself as employer on the claim form he filed with the Workers' Compensation Court.

Respondent/Counter–Petitioner, American States Insurance (Insurer), denied liability, arguing [1] Insurer had no coverage for Claimant as an "owner/operator" and [2] the injuries did not arise out of and in the course of employment. Insurer alleged as an affirmative defense that Claimant, as the named insured, never asked to be insured as an employee pursuant to 85 O.S.1991 § 3(4) [hereafter § 3(4) ], which provides, in relevant part:

Sole proprietors, ... are specifically excluded from the foregoing definition of "employee", and shall not be deemed to be employees as respects the benefits of the

---

1. 85 O.S.1991 §§ 1 et seq.

Workers' Compensation Act. Sole proprietors, ... may elect to include the sole proprietors, ..., if otherwise qualified, by endorsement to the policy specifically including them under any policy of insurance covering benefits under the Workers' Compensation Act. When so included the sole proprietors ... shall be deemed to be employees as respects the benefits of the Workers' Compensation Act.

The trial court found Claimant was in the course and scope of his employment at the time he was injured, but denied his claim for benefits because Claimant had not elected to be included as sole proprietor by endorsement to the insurance policy, and was therefore not an "employee" under the Act. The trial court also made several other findings relating to its determination Claimant was not an employee under the Act, and then made six additional findings prefaced by the following:

> The following findings relating to benefits are those that Claimant *would have been entitled to provided he had been an employee and entitled to coverage under the Workers' Compensation Act.* (Emphasis added).

Both Claimant and Insurer appealed to a three judge panel of the Workers' Compensation Court. The three judge panel unanimously affirmed the trial court's order without modification. Both Claimant and Insurer now ask this Court to review the Workers' Compensation Court order.

█ Claimant contends the Workers' Compensation Court erred in finding he was not an *employee* as defined by § 3(4). The question of whether one is an employee under the Act is a jurisdictional fact, and we will review the record to make an independent finding on that issue. *Mahan v. NTC of America,* 832 P.2d 805 (Okla.1992).

Normally, determining if an individual is an employee will turn on the contractual relationship between a worker and a separate employing individual or entity. However, as the question is posed here, there is no separate individual or entity, only one person operating as a sole proprietorship. In *Rosamond Construction Company v. Rosamond,*

292 P.2d 392 (Okla.1956), our Supreme Court determined that a person could not be his own employee within the meaning of the Act, as it was then written. The claimant Rosamond was sole owner of the construction company he listed as his employer.

█ The Legislature also specifically excluded sole proprietors from the definition of *employee* in § 3(4), but created a fictional employment relationship by amending § 3(4), effective July 1, 1978, to allow sole proprietors to elect to include themselves as employees by specific endorsement to their Workers' Compensation policy. Only by such election may a sole proprietor gain benefits under the Act. The critical question then is—did Claimant effectively elect. We find that he did not.

Claimant testified he called Stephen Neely (Neely), Insurer's agent, to obtain Workers' Compensation coverage so he "could bid on jobs". He had been told by contractors he was not going to get jobs without the coverage. Claimant acknowledged he did not specifically ask Neely to cover him as an employee, but stated he told Neely he was working for himself and that there were no other employees. He denied telling Neely he had employees from time to time, but did tell Neely he would let him know if he "picked up any employees".

Neely testified he received a call from Claimant on September 5, 1989, requesting minimum Workers' Compensation coverage to "get on some jobs". Neely wrote coverage based on an estimated payroll of $7,000.00, the minimum on which he could write coverage for the classification. Neely took the information for the application over the telephone and then had a worker in his office complete the application to send to Insurer. Neely further testified it was his recollection Claimant told him that Claimant might have someone help him "on occasion".

Neely conceded he had no independent recollection, because of the passage of time, whether he told Claimant that he would have to ask to be included under the policy before he would be covered. Neely noted, however, he felt the requirement was discussed with Claimant in that it was his standard proce-

dure to do so where someone asked for a minimum policy because "it's obvious that they're wanting it just for the certificates or to go to the general contractors". Neely also noted it would have been to his advantage to have Claimant included under the policy because the minimum estimated payroll on which the premium would have been based was $19,200.00, rather than the $7,000.00 on which it was based to cover any part-time help.

It is uncontroverted that Claimant's policy did not contain the necessary § 3(4) endorsement listing him as an employee. A number of documents were introduced at trial by both sides, including among other things, the application, the insurance policy, certificates of insurance issued to contractors, and audit requests sent to Claimant by Insurer to confirm current exposure. Each of these items listed Claimant as the insured, but none reflected he was insured *as an employee*. The weight of the evidence supports the Workers' Compensation Court finding that Claimant was not an employee under the Act because he did not elect to be included by endorsement to his Workers' Compensation insurance policy.

The essence of Claimant's argument appears to be that Neely, as Insurer's agent, was obligated to inform him of the need to elect to be covered, and that because Neely did not do so, Claimant should be deemed to be covered notwithstanding the omission of the requisite endorsement. Even presuming Neely did not inform Claimant of the need to elect, we find no authority for Claimant's proposition.

Section 3(4) does not require an agent writing Workers' Compensation coverage for a sole proprietorship to inform the sole proprietor of the election provision in that section. We do not find the Legislature intended to impose such a requirement. When the Legislature has intended to mandate notice to an insured, it has done so positively and unequivocally. *See, e.g.,* 36 O.S.1991 § 3636 (insurer must advise insured as to uninsured motorist coverage); 85 O.S.Supp.1993 § 64(D)(6) (Workers' Compensation insurer must make written disclosure to prospective purchaser about medical benefits deductible).

■ It is well established in Oklahoma that every person is presumed to know the law. *Colbert v. First National Bank of Ardmore*, 38 Okla. 391, 133 P. 206 (1913). The law as it pertains to this case is clear. Claimant could only be an employee under the Act by endorsement to his policy with Insurer. In the absence of that endorsement, Claimant was not an employee and the Workers' Compensation Court was without jurisdiction to award benefits.

In view of our determination that Claimant was not an employee under the Act, we find the remainder of the findings by the Workers' Compensation Court are of no legal effect. Therefore, Insurer's Counter–Petition for Review is rendered moot.

SUSTAINED.

HUNTER, P.J., and ADAMS, J., concur.