1998 OK 12

**Bennie L. HEFLEY, Appellant,**

v.

**NEELY INSURANCE AGENCY, INC., Appellee.**

No. 88450.

Supreme Court of Oklahoma.

Feb. 10, 1998.

**136**

Jack D. Crews and Eddie L. Carr, Law Office of Jack. D. Crews, Tulsa, for Appellant.

John B. Stuart and Frank Yoon, Tulsa, for Appellee.

## OPINION

WATT, Justice: ·

¶1 Appellant, Bennie L. Hefley, is a sole proprietor and the lone employee of a ceramic tile installation business. In 1989, Hefley engaged appellee, Neely Insurance Agency, Inc., to provide workers' compensation coverage for his business. A policy was issued and coverage was retained through January 14, 1991. On that date, Hefley sustained multiple injuries when his vehicle was struck by a train. He thereafter asserted a claim under the Workers' Compensation Act, 85 O.S.1991, § 1 *et seq.*, for his injuries.

¶2 The Workers' Compensation Court denied Hefley's claim, finding that he was not an "employee" within the meaning of the Act. Section 3(4) of the Act specifically excludes sole proprietors from the definition of "employee" unless the sole proprietor has elected to be included on the policy of workers' compensation insurance by special endorsement. Hefley's policy did not contain a § 3(4) endorsement listing him as an employee. The Court of Civil Appeals affirmed, rejecting Hefley's argument that his insurance agent was obligated, but failed, to inform him of the need to elect personal coverage. The court held, "Section 3(4) does not require an agent writing Workers' Compensation coverage for a sole proprietorship to inform the sole proprietor of the election provision in that section." *Hefley v. Hefley,* 1995 OK CIV APP 143, 915 P.2d 389, 391. This Court denied Hefley's petition for writ of certiorari on April 10, 1996.[1]

¶3 Following the failure of his workers' compensation claim, Hefley filed the instant suit against Neely in Rogers County District Court. Hefley asserted that the insurance company was negligent in failing to advise him of the need for the special endorsement and that any injuries he sustained while on the job were not covered under his workers' compensation policy. In the alternative, Hefley maintained that because Neely knew or should have known that he was the lone employee of his business, an election to cover himself should have been implied in his request for insurance.[2]

¶4 Neely answered and moved for summary judgment. Neely stated that Hefley requested the minimum policy available and that the only reason Hefley requested coverage at all was so he could obtain certificates of insurance which were often required by the general contractors for whom he worked. Neely also contended that Hefley was ad-

1. The question presented to this Court in Hefley's petition for certiorari was "whether a sole-proprietor of a business, who obtains Workers' Compensation insurance on said business, but is not informed that he must elect whether to insure himself, personally, for injuries he sustained on the job, is barred from recovering under said Workers' Compensation policy."

2. The first and second theories of liability in Hefley's petition allege negligence, while the third theory of liability alleges breach of contractual duty. We hereby express no opinion regarding the validity of Hefley's theories of liability, but simply note that he bases his theories of liability upon tort and contract law.

vised of the option of being included on the policy, but that he declined. Additionally, Neely asserted that Hefley's claim was barred by the applicable statute of limitations.

¶ 5 The trial court granted Neely's summary judgment motion and Hefley appealed. The Court of Civil Appeals affirmed, holding that Hefley's claims were decided in the workers' compensation litigation.[3] We grant Hefley's petition for certiorari to determine whether his claims have previously been adjudicated to conclusion.

## I. ISSUE/CLAIM PRECLUSION

■ ¶ 6 In this case, both the trial court and the Court of Civil Appeals focused on the existence or non-existence of workers' compensation coverage. That question was indeed resolved in the earlier *Hefley* decision. Also discussed in the previous opinion was whether 85 O.S.1991 § 3(4) requires an agent writing workers' compensation coverage for a sole proprietorship to inform the sole proprietor of the election provision of that section. While decisions concerning both of those issues arguably represent law of the case, thus precluding Hefley from relitigating those disputes here, the issues presented in the instant case are significantly different. The issues here are whether, under the circumstances, Neely had a duty to inform Hefley that any injuries he sustained while on the job were not covered under his policy and, if so, whether that duty was breached. These claims sound in tort (negligence) and contract law, not Workers' Compensation law.

■ ¶ 7 "It is well settled that the [Workers' Compensation] Court is a statutory tribunal of limited jurisdiction and has only such jurisdiction as is conferred by law." *Cities Serv. Gas Co. v. Witt,* 1972 OK 100, ¶ 14, 500 P.2d 288, 291. The Workers' Compensation Court's "jurisdiction is limited to those matters which are expressly or by necessary implication delegated to it by proper legislative enactment." *Bryant–Hayward*

*Drilling Co. v. Green,* 1961 OK ——, 362 P.2d 676, 677. "[T]he [Court] is vested with jurisdiction to administer the Act and the jurisdiction thus conferred is limited to the purposes of the Act. The jurisdiction so conferred is to be ascertained by reference to the Act...." *Pine v. Davis,* 1944 OK ——, 193 Okla. 517, 145 P.2d 378, 380 (citations omitted).

¶ 8 In the workers' compensation proceeding that preceded *Hefley v. Hefley,* supra, the trial court's jurisdiction was limited to determining whether Mr. Hefley suffered job-related injuries compensable under the Workers' Compensation Act. A preliminary question in that proceeding was whether Hefley was an "employee" within the meaning of the Act. Having determined that he was not, the trial court denied compensation. The Court of Civil Appeals affirmed, gratuitously adding that Neely owed no duty *under the Workers' Compensation Act* to inform Hefley of the election provision in § 3(4). Neither court passed upon Hefley's present theories of liability based on tort and contract law.

¶ 9 It is important to note here that the previous workers' compensation proceedings were initiated by Hefley in his capacity as an employee. There, he sought to recover benefits under a workers' compensation insurance policy for injuries he suffered while on the job. Named as respondents in that case were his employer—who under the circumstances happened to be himself—and the business' workers compensation insurance carrier. The present case is brought against the insurance carrier by Hefley in his capacity as an employer. Here, Hefley does not seek workers' compensation benefits under his insurance policy, but rather seeks damages in tort and contract against his business' insurer for the insurer's actions or inactions regarding the issuance of the policy.

¶ 10 Even if the two courts in the earlier proceeding had made rulings concerning Hefley's present claims, we would declare such rulings void.[4] This Court has held that

**3.** Neither the trial court nor the Court of Civil Appeals specifically addressed the statute of limitations issue.

**4.** *See Union Indem. Co. v. Saling,* 1933 OK ——, 166 Okla. 133, 26 P.2d 217, 226, where we held, "[I]f the court or tribunal goes outside the issues presented by the pleadings and decides a matter

the Workers' Compensation Court lacks authority to construe contract rights in a dispute purely between an employer and its insurance carrier,[5] to reform an insurance policy,[6] to consider fraud in the inducement of a contract as a defense to an award under the Act,[7] to determine whether an insurance contract is void ab initio for fraud in the execution where invalidity is not apparent on the face of the policy,[8] to decide an action to recover damages for an insurer's failure to defend a claim for workers' compensation benefits,[9] or to determine whether a compensation policy has been canceled under the provisions of the insurance contract.[10]

¶ 11 In *Mid–Continent Casualty Co. v. Miller, supra*, note 6, we stated:

The [Workers' Compensation] Court does not have the power of courts of general jurisdiction to construe and determine liabilities under contracts, generally, but is vested with authority to determine the liability of an insured's injured employee and, when it becomes necessary as an incident to this determination, to also interpret or construe the policy. The power thus granted to the ... Court to so interpret or construe an insurance policy, when necessary to properly exercise the authority vested in that body by the legislature, does not confer the equitable power possessed by courts of general jurisdiction to reform an insurance policy.

*Id.*, 1969 OK 2 at ¶ 13, 451 P.2d at 935 (citations omitted). The same can be said in the present case. The Workers' Compensation Court has authority to interpret and construe insurance policies when it is necessary to do so when determining the insured's liability to an injured employee. However,

the court lacks the power possessed by courts of general jurisdiction to decide tort and general contract matters. The Court of Civil Appeals sitting in review of that tribunal's decision similarly lacks the authority to decide those issues.

¶ 12 Under the doctrine of issue preclusion ..., once a court has decided an issue of fact or of law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim.... [However], the doctrine may not be invoked if the party against whom the earlier decision is interposed did not have a "full and fair opportunity" to litigate the critical issue in the previous case.

\* \* \* \* \* \*

Under the principle [of claim preclusion], a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim but also any theories or issues that were actually decided, or could have been decided, in that action.

*National Diversified Business Services, Inc. v. Corporate Fin. Opportunities, Inc.,* 1997 OK 36, ¶¶ 11–12, 946 P.2d 662, 667–67 (citations and emphasis omitted).

¶ 13 In the present case, Hefley asserts claims which he did not and could not have been fully and fairly litigated in the earlier proceeding because the courts there were without jurisdiction to determine those issues. Thus, neither the doctrine of issue preclusion nor the doctrine of claim preclusion are applicable to the claims raised here. Accordingly, the lower courts erred in holding that Hefley's claims were barred by the earlier litigation.

not tendered by the pleadings, its decision on such issue is absolutely void."

5. *In re Hines*, 1973 OK 46, ¶ 16, 509 P.2d 669, 672; *R.S. Smith Const. Co. v. Newcomb*, 1937 OK ——, 181 Okla. 5, 71 P.2d 1091, 1092. *See* also *Spaulding & Osborne v. Pacific Employers Ins. Co.*, 1943 OK ——, 192 Okla. 154, 134 P.2d 581, 582 (on review of State Industrial Commission (now Workers' Compensation Court) orders, appellate courts do not consider or decide controversies between employers and insurance companies where an injured claimant is not interested).

6. *Mid–Continent Casualty Co. v. Miller*, 1969 OK 2, ¶ 13, 451 P.2d 932, 935.

7. *State Ins. Fund v. Brooks*, 1988 OK 50, ¶ 8, 755 P.2d 653, 657.

8. *State Ins. Fund v. Asarco Inc.*, 1989 OK 135, ¶ 7, 782 P.2d 113.

9. *Butter Nut Baking Co. v. State Ins. Fund*, 1956 OK ——, 294 P.2d 842, 845.

10. *Farmers' Gin Co. of Manitou v. Jones*, 1930 OK ——, 146 Okla. 79, 293 P. 527, 528.

## II. STATUTE OF LIMITATIONS

¶ 14 Neely also contends that Hefley's claims are time barred under *either* a two-year or three-year statute of limitations. As previously stated, neither inferior court specifically addressed the limitations issue. We find that the record is presently insufficient to determine whether Hefley's claims are time barred. While the limitations defense may or may not lead to the eventual downfall of Hefley's claims, the issue requires initial adjudication in the trial court.

## CONCLUSION

¶ 15 In Hefley's previous workers' compensation litigation, neither the Workers' Compensation Court nor the Court of Civil Appeals ruled upon the tort and contract claims he raises here, nor did those courts possess the jurisdictional authority to adjudicate such claims in that proceeding. Thus, the trial court erred in holding that Hefley's were previously adjudicated to conclusion in the earlier litigation. The record is presently insufficient to determine the validity of Neely's statute of limitations defense and must be more fully developed on remand.

¶ 16 Certiorari granted. The opinion of the Court of Civil Appeals is vacated. The judgment of the district court is reversed and this cause is remanded for further proceedings consistent with this opinion.

¶ 17 KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

¶ 18 SIMMS, J., concurs in result.

¶ 19 HARGRAVE, J., concurs in part, dissents in part.

