2002 OK CIV APP 88

Darrell M. MUEGGENBORG and Jennifer Mueggenborg, husband and wife; and, Dustin R. Mueggenborg, Plaintiffs/Appellants,

v.

Ralph ELLIS, individually; Payne County Farm Bureau, a corporation; and, Oklahoma Farm Bureau Mutual Insurance Company, Defendants/Appellees.

No. 97201.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 10, 2002.

Stanley M. Ward, Woodrow K. Glass, Norman, OK, for Plaintiffs/Appellants.

Robert N. Naifeh, Jr., Derryberry, Quigley, Solomon & Naifeh, Oklahoma City, OK, and Michael S. Morgan, Stillwater, OK, for Defendants/Appellees.

Opinion by CAROL M. HANSEN, Presiding Judge.

¶1 Plaintiffs, Darrell and Jennifer Mueggenborg, filed a lawsuit against Defendant, Ralph Ellis, Defendant, Payne County Farm Bureau (PCFB), and Oklahoma Farm Bureau (OFB) alleging a negligent breach of professional duty. Defendants filed a Combined Motion to Dismiss for failure to state a claim.

¶2 In their petition, Plaintiffs alleged that for several years, they did business with Ellis, and PCFG for their various insurance needs.[1] In 1996, Plaintiffs purchased a car

---

**1.** Plaintiffs allege Ellis was an agent and/or employee of OFB. They make no claim Ellis was acting as Plaintiffs' agent.

and met with Ellis to determine the insurance coverage needed. Plaintiffs explained to Ellis they wanted to be adequately insured because they would have their children and other children in the car. Ellis explained they could carry uninsured and underinsured motorist coverage (UM/UIM coverage). Ellis sold Plaintiffs one $25,000.00 UM/UIM coverage policy which he explained would roll from one car to the six other cars Plaintiffs had insured with PCFB.

¶3 In 1999, Plaintiffs' then sixteen year old son, Plaintiff, Justin Meuggenborg, was injured in a two car accident. The driver of the other car had insurance policy limits of $25,000.00, which, according to Plaintiffs, was insufficient to compensate Justin for his injuries.

¶4 After reviewing Defendants' motion to dismiss, Plaintiffs' response, and Defendants' reply, the trial court granted Defendants' motion to dismiss with prejudice. Plaintiffs appeal.

¶5 In their petition in error, Plaintiffs contend the trial court erred in holding the petition failed to state a claim upon which relief can be granted. Specifically, they argue Ellis had a duty to advise them of the availability of higher monetary limits of UM coverage.

¶6 In any lawsuit based on negligence, it first must be determined whether the defendant had a duty to the plaintiff. The existence of a duty of care and the scope of such duty is a question of law for the Court. *Wofford v. Eastern State Hospital,* 1990 OK 77, 795 P.2d 516. In Oklahoma, an insurer is required to provide the insured a form which allows him to reject the UM coverage, to purchase coverage equal to his liability policy limits, to purchase coverage equal to the statutory minimum liability limits ($10,000 for each person injured, not to exceed $20,000 for two or more persons injured in one occurrence),[2] or to purchase

coverage in an amount less than his bodily injury liability coverage but more than the minimum levels. Plaintiffs do not contend Ellis did not provide them with a form, which sets forth the various amounts of UM coverage. Their petition indicates Plaintiffs' UM coverage policy had monetary limits of $25,000.00, a sum in excess of the statutory minimum. Although Plaintiffs allege Ellis recommended one $25,000.00 UM policy which would roll from one car to their other six cars, in reading the form, they had an awareness of higher monetary limits of UM coverage. An insurer has no statutory duty, beyond providing the insured the above-mentioned form, to advise an insured of the availability of higher monetary limits of UM coverage.[3]

¶7 Moreover, although Oklahoma courts have not ruled on whether there is a common law duty to advise an insured of the availability of higher monetary limits of UM coverage, the majority of other jurisdictions have rejected the concept that insurance companies or their agents have a duty to advise an insured with respect to his insurance needs. In *Farmers Insurance Co. v. McCarthy,* 871 S.W.2d 82 (Mo.App.1994), the insured alleged the insurance agent owed her a duty to advise because of a "special relationship" which existed between her and the agent.[4] The insured also alleged the agent had breached such a duty by negligently failing to advise her of the availability of underinsured motorist coverage. The Missouri Court of Appeals held the insured failed to state a claim upon which relief can be granted.

¶8 Specifically, the Missouri Court of Appeals held that public policy considerations weighed heavily against the imposition of any liability against insurance companies and their agents for failing to advise of underinsured motorist coverage. In particular the court reasoned:

---

**2.** Section 3636(B) provides, in part, that "[c]overage shall be not less than the amounts or limits prescribed for bodily injury or death for a policy meeting the requirements of Section 7–204 of Title 47 of the Oklahoma Statutes, as the same may be hereafter amended; ..."

**3.** In their petition, Plaintiffs do not allege a statutory claim against Defendants.

**4.** Plaintiffs also have alleged a "... close, personal and confidential relationship ..." between them and Ellis.

"First, imposing liability on insurers and their agents would remove any burden from the insured to take care of his own financial needs and expectations in entering the marketplace and choosing from among the competitive products available. Second, imposing such a duty would transform insurance companies from a competitive marketplace industry into personal financial counselors or guardians of the insured, a result we believe goes well beyond anything required by law or dictated by common sense.

Third, insureds know their personal assets and abilities to pay better than an insurance agent. Therefore, it should be their responsibility to advise the agent of the insurance they want, including the limits of any policy protection they purchase.

Fourth, imposing such liability on the insurance industry would subject insurance companies to liability for failing to advise their own customers of every possible insurance option available through the company or even, possibly, a better package of insurance offered by a competitor.

Fifth, by creating such a duty, insureds would have the opportunity to seek coverage for a loss after it occurred merely by asserting that they would have bought additional coverage if it had been offered. This turns the entire theory of insurance on its ear as individuals, in theory, take an 'intellectual gamble' when purchasing insurance as they weigh the expense of insurance versus the amount of coverage that they purchase. Allowing insureds to seek coverage, post-occurrence, allows them to completely circumvent this risk. This is precisely what McCarthy is attempting to do in this case."

¶ 9 In the present case, Plaintiffs allege they told Ellis they wanted "adequate protection." Purchasers of insurance usually do seek "adequate protection." This is a typical request by an insured. "To permit a conversation such as this to serve as the basis for an issue of fact leading to a finding of an expanded principal-agent relationship would in substance make the agent a blanket insurer for his principal." *Sandbulte v. Farm Bureau Mutual Ins. Co.*, 343 N.W.2d 457 (Iowa 1984). Plaintiffs have cited no valid authority to support their contention a common law duty exists to advise an insured as to the availability of higher limits of UM coverage.

¶ 10 For all of the above-mentioned reasons, the trial court's order dismissing with prejudice Plaintiffs' petition is AFFIRMED.

MITCHELL, J., concurs.

ADAMS, J., concurs specially:

¶ 11 I concur with the majority opinion, but I write separately to highlight the importance of footnote 1. The rule applied in this case does not necessarily address claims against an insurance agent for negligence where that agent is alleged to be an agent of the party seeking insurance or is not an employee of one insurance company but is an "independent agent" representing several competing companies. Whether liability for negligence advice might be imposed against the insurance agent in those circumstances appears to be undecided in Oklahoma. *See Hefley v. Neely Insurance Agency, Inc.*, 1998 OK 12, 954 P.2d 135.